**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
Newport News Division

| | |
|---|---|
| JULIE GLENNON and THOMAS E. OVERBY, JR., individually and on behalf of all others similarly situated<br><br>          *Plaintiffs,*<br><br>     v.<br><br>ANHEUSER-BUSCH, LLC,<br><br>          *Defendant.* | Case No.: |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Named Plaintiffs Julie Glennon and Thomas E. Overby, Jr. ("Named Plaintiffs"), individually and on behalf of others similarly situated (collectively "Plaintiffs"), by and through their undersigned counsel of record, hereby sets forth this collective and class action against Defendant Anheuser-Busch, LLC ("Defendant"), and allege as follows:

**NATURE OF ACTION AND INTRODUCTORY STATEMENT**

1.      This action arises out of Defendant's systemic, company-wide policy of failing to pay its employees for all hours worked and for overtime hours worked at the appropriate overtime rate, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Virginia Minimum Wage Act ("VMWA"), Virginia Code §§ 40.1-28.8 *et seq.*; and the Virginia Wage Payment Act ("VWPA"), Virginia Code §§ 40.1-29 *et seq.*

2.      Plaintiffs consist of current and former operators, technicians, engineers, or similar positions, who work for Defendant in Virginia and are compensated on an hourly basis. Throughout the relevant period, Defendant has maintained a corporate policy of failing to compensate Plaintiffs for all mandatory pre- and/or post-shift work. In particular, Defendant

requires Plaintiffs to arrive to work prior to the scheduled start time of Plaintiffs' shifts, in order to perform a litany of tasks necessary to perform Plaintiffs' jobs, including preparatory work, maintenance work, cleaning work, and paperwork, among other tasks.  As for the end of Plaintiffs' shift, Plaintiffs are required to perform cleaning work, and numerous other tasks to properly wind down Plaintiffs' shifts. Plaintiffs are required to perform this work in order to be prepared to carry out their job responsibilities when they arrive at job sites.  This work was required to be completed by Defendants and the failure of Plaintiffs to perform this work could result in warnings, discipline, and ultimately, termination.

3.     Notably, Defendant only compensates Plaintiffs for their scheduled shifts and does not compensate Plaintiffs for the required pre- and/or post-shift work.

4.     Defendant, through its managers and agents, are aware that Plaintiffs are completing this pre and/or post-shift work and doing so without compensation.  Defendant suffers or permits, and in fact requires Plaintiffs to complete such pre- and/or post-shift work.

5.     Plaintiffs routinely work 40 hours or more per week, without accounting for pre- and/or post-shift work.  When pre- and/or post-shift work are included, even those Plaintiffs who are scheduled and paid for only 40 hours or less per week, actually work over 40 hours per week without being compensated for all of their time worked or compensated at the proper overtime rate for hours worked over 40 per week.

6.     Defendant's practice of failing to compensate Plaintiffs for all pre and post-shift work violates Plaintiffs' rights under the FLSA, VMWA, and VWPA.

7.     Plaintiffs bring this action for violations of the FLSA as a collective action, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the following class in Virginia:

> All individuals who were, are, or will be employed by Defendant in Virginia as operators, technicians, engineers, or other similar positions who were not compensated for all of their hours worked, including, but not limited to, above forty (40) per week, within three (3) years prior to the commencement of this action, through the date of judgment or final disposition in this action.

8.     Defendant is liable for its failure to pay Plaintiffs for all work performed.

9.     Plaintiffs who elect to participate in this FLSA collective action seek compensation for all pre and/or post-shift work performed for Defendant. Plaintiffs seek compensation at the appropriate overtime rate for all hours worked in excess of forty (40) per week, an equal amount of liquidated damages, prejudgment interest, and attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b).

10.     Named Plaintiffs also bring this action, on their own behalf, and as representatives of similarly situated current, former, or future operators, technicians, engineers, or similar positions, employed by Defendant in Virginia, under the VMWA and VWPA.  Named Plaintiffs, who are Virginia residents, and who worked for Defendant in Virginia, assert that they and the putative class, who work or worked in Virginia for Defendant, are entitled to compensation for all pre- and/or post-shift work performed for Defendant, whether the work week totaled greater or fewer than forty (40) hours, compensation at the appropriate overtime rate for all hours worked in excess of forty (40) per week, an equal amount of liquidated damages, prejudgment interest, and attorneys' fees and costs, pursuant to Virginia Code §§ 40.1-28.8, *et seq.,* and 40.1-29 *et seq.*

11.     Plaintiffs seek class certification under Rule 23 of the Federal Rules of Civil Procedure for the following class of Defendants' employees in Virginia:

> All individuals who were, are, or will be employed by Defendant in Virginia as operators, technicians, engineers, or other similar positions who were not compensated for all of their hours worked, including, but not limited to, above forty (40) per week, within three (3) years prior to the commencement of this action, through the date of judgment or final disposition in this action.

12.     Named Plaintiffs brings this lawsuit seeking monetary relief against Defendant on behalf of themselves and all others similarly situated in Virginia to recover, among other things, unpaid wages and benefits, interest, attorneys' fees, costs, expenses, and penalties pursuant to Virginia Code §§ 40.1-28.8 *et seq*., 40.1-29 *et seq*., and 29 U.S.C. §§ 201, *et. seq*.

## JURISDICTION AND VENUE

13.     Plaintiffs bring this collective and class action against Defendant for violations of Virginia Code §§ 40.1-28.8 *et seq.*, 40.1-29 *et seq.*, and 29 U.S.C. §§ 201, *et. seq*.

14.     This Court has original subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1331 and 29 U.S.C. § 216(b).

15.     Additionally, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the pendent state law claims under the VMWA and VWPA because those state law claims arise out of the same nucleus of operative fact as the FLSA claims.

16.     This Court has jurisdiction over Defendant because, upon information and belief, it is a citizen of the United States, has sufficient minimum contacts in Virginia, or otherwise intentionally avail itself of the Virginia market so as to render the exercise of jurisdiction over it by the Federal and Virginia courts consistent with traditional notions of fair play and substantial justice.

17.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business within the Eastern District of Virginia, and a substantial part of the events or omissions giving rise to these claims occurred in this District.

## COVERAGE

18.     At all relevant times, Defendant was an employer within the meaning of the FLSA, 29 U.S.C. § 203(d), the VMWA, and the VWPA.

19.     At all relevant times, Named Plaintiffs and all others similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206, 207.

20.     At all times material to this action, Defendant was an enterprise engaged in commerce or the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(s), 203(r), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

## PARTIES

21.     Named Plaintiffs are residents of Virginia. Named Plaintiffs worked for Defendant in Virginia at its Williamsburg, Virginia brewery during the relevant time period.

22.     Named Plaintiffs are informed, believe, and allege, that Defendant, at all times hereinafter mentioned, was and is an employer as defined in and subject to the FLSA and Virginia Code §§ 40.1-28.9, whose employees were and are engaged throughout this district and the Commonwealth of Virginia.

23.     Defendant is a limited liability company organized under Missouri law, headquartered in Missouri, and has its principal place of business located at One Busch Place, St Louis, MO, 63118. According to its website, Defendant "embod[ies] the time-honored traditions of brewing great beer while constantly innovating to drive the industry forward."

24.     Defendant is an enterprise engaged in commerce under the FLSA because material hereto it had an annual gross volume of sales of more than $500,000.00.

25.     At all times relevant, Defendant was Named Plaintiffs' employer and the employer of all other similarly situated individuals as defined by the FLSA and applicable state law.

26.     During the period from June 2013 through July 2021, Named Plaintiff Glennon was employed by Defendant in various capacities, with her last position being an operator. In this capacity, Named Plaintiff Glennon performed substantial and ongoing employment duties for the benefit of Defendant in the Commonwealth of Virginia.

27.     During the period from 1991 through the present, Named Plaintiff Overby was employed by Defendant in various capacities, with his last position being a maintenance technician. In this capacity, Named Plaintiff Overby performed substantial and ongoing employment duties for the benefit of Defendant in the Commonwealth of Virginia

28.     By acting as the Named Plaintiffs in this action, Named Plaintiffs, by including their name on the caption of this Collective and Class Action Complaint, affirms their written consent to participate as a plaintiff in a collective action to seek unpaid wages and damages under the FLSA and to act as class representatives for the Federal Rule 23 class claims alleged herein.

## FACTUAL ALLEGATIONS

29.     Defendant employs operators, technicians, engineers, or similar positions in its brewery located in the city of Williamsburg in the Commonwealth of Virginia ("Williamsburg brewery").

30.     According to Defendant's website, "Opened in 1972, [the] Williamsburg Brewery produces nearly 400 different beer packages. [The] Williamsburg team has played a critical role in our innovation pipeline as the first brewery to brew Natural Light Naturdays, Bud Light Orange, and Michelob ULTRA Infusions."

31.     Additionally, Defendant's Williamsburg brewery produces the following brands of alcoholic beverages: Budweiser, Bud Light, Bud Light Lime, Bud Light Orange, Bud Light Lemonade, Bud Light Platinum, Bud Select, Select 55, Land Shark Lager, Bud Ice, Michelob, Michelob Light, Amberbock, Michelob ULTRA, Michelob ULTRA Lime Cactus, Michelob ULTRA Prickly Pear, Michelob Ultra Pomegranate, Goose Island Natural Villain, St. Pauli Girl Lager, Devil's Backbone Vienna Lager, Natural Light, Natural Ice, Busch, Busch Light, Busch Ice, Becks, Becks Light, Kirin Ichiban, Kirin Light, King Cobra, Hurricane Malt Liquor, and Hurricane High Gravity.

32.     Named Plaintiffs were employed by Defendant in Defendant's Williamsburg brewery.

33.     Upon information and belief, at all relevant times, Defendant employed and continues to employ at least 350 non-exempt individuals in the Williamsburg brewery.

34.     Named Plaintiff Glennon's job duties as an operator included driving a fork truck, loading and unloading trailers, among other tasks.

35.     Named Plaintiff Overby's job duties as a maintenance technician include fulfilling corrective, preventive, and emergency maintenance work orders, writing work orders, closing work orders, attending various administrative meetings, among other tasks.

36.     Defendant compensates operators, technicians, engineers, or similar positions, on an hourly basis.  Defendant classifies these employees as non-exempt under the FLSA.

37.     Defendant requires operators, technicians, engineers, or similar positions to work approximately eight (8) hour shifts, five (5) days per week. There are typically three shifts that Plaintiffs are assigned – first, second, or third shift.

38.     In order to record the time worked of their employees, including Plaintiffs, Defendant utilizes an electronic timekeeping system to capture employees' time. However, this timekeeping system does not properly capture pre-shift work that Plaintiffs perform outside of the Williamsburg brewery.

39.     Prior to the onset of the COVID-19 pandemic in March 2020, and during the relevant time period, Defendant required Plaintiffs to arrive to work at approximately twenty (20) minutes prior to the start of their scheduled shifts to perform a litany of unpaid tasks, including traveling to the locker area; putting on and equipping various items of Personal Protective Equipment ("PPE"), such as safety shoes, safety gloves, safety glasses, earplugs, etc.; travel to Plaintiffs' designated work area; and participate in a "carryover" with the previous shift, where the previous shift would give a verbal debrief to the next shift.

40.     After the onset of the COVID-19 pandemic in March 2020, and in addition to the pre-shift work detailed above, Plaintiffs had to perform approximately thirty (30) minutes of unpaid pre-shift work, including waiting in line, either in Plaintiffs' cars or in an in-person queue, for a required temperature check to screen for illness; go through a "foot bath" to disinfect Plaintiffs' shoes and feet; disinfect Plaintiffs' hands by washing them; and disinfect Plaintiffs' work area and equipment.

41.     While Plaintiffs clock in after entering the Williamsburg brewery, Defendant does not compensate Plaintiffs from the time they clock in. Instead, Defendant only compensates Plaintiffs for their scheduled shift time and does not account nor compensate for any pre-shift work completed by Plaintiffs. Additionally, Plaintiffs' time spent fulfilling pre-shift duties outside of the Williamsburg brewery is not properly captured or compensated, such as engaging in required temperature checks.

42.     During the relevant period, Plaintiffs typically perform approximately fifteen (15) minutes of post-shift work each workday, including finishing assigned work; conducting the "carryover" for the next shift; putting tools and equipment in storage; taking off PPE; washing body of foreign substances acquired during shift, including glass, dust, beer, lubricants, chemical residue, etc.; and numerous other tasks to properly wind down Plaintiffs' shifts. Because these duties must be performed after Plaintiffs' scheduled shift end time, and because Defendant only compensates Plaintiffs for their scheduled shift time, Plaintiffs' time engaged in such post-shift activities is not compensated, despite Plaintiffs clocking out and recording their time at the time they finish their post-shift work.

43.     This required, pre- and/or post-shift work has to be performed before the "start" of each shift and following the "end" of each shift. The pre-shift work is necessary in order for Plaintiffs to fulfil their job duties while on job sites. Additionally, the post-shift work is necessary to adequately wind down Plaintiffs' work for the day, fulfill Plaintiffs' duties, and to protect Defendant's equipment and property.

44.     Defendant, through its actions, directives, and policies, mandated that Plaintiffs perform this pre- and/or post-shift work.

45.     Upon information and belief, Defendant strikes Plaintiffs' time they manage to record engaging in any pre- and/or post-shift work.

46.     If Plaintiffs do not perform this pre- and/or post-shift work, they risk receiving verbal and written warnings on their records.  Multiple verbal and written warnings could result in disciplinary action or termination from employment.

47.     If Plaintiffs arrived immediately prior to the scheduled start of their first job, they could not feasibly perform all required pre-shift work necessary to perform their job duties when

the first scheduled job begins, and they would therefore receive verbal or written warnings for failing to perform all required pre-shift work.

48.     Defendants' failure to compensate for all pre-and/or post-shift work performed has affected all Plaintiffs similarly.

49.     Upon information and belief, Plaintiffs have complained numerous times to Defendant regarding their unpaid pre- and/or post-shift work, but Defendant has persisted in its practice and policy of not compensating for this time.

## FLSA COLLECTIVE ACTION ALLEGATIONS

50.     Named Plaintiffs bring the First Cause of Action of the instant Complaint as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated employees.

51.     Members of the FLSA class are similarly situated.

52.     Members of the FLSA class have substantially similar job requirements and pay provisions, and are subject to common practices, policies, or plans that fail to compensate them for all work performed.

53.     There are numerous (in excess of 250) similarly situated current and former operators, technicians, engineers, or similar positions that fall within the scope of the aforementioned FLSA class.

54.     These similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.  Members of the proposed FLSA class, therefore, should be permitted to pursue their claims collectively, pursuant to 29 U.S.C. § 216(b).

55.     Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Plaintiffs.

56.     Named Plaintiffs consent in writing to assert their claims for unpaid wages under the FLSA pursuant to 29 U.S.C. § 216(b).  Named Plaintiffs signed consent forms are filed with the Court as Exhibits A and B to this Complaint.  As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

57.     Named Plaintiffs request that they be permitted to serve as representatives of those who consent to participate in this action, and that this action be conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b).

## RULE 23 VMWA AND VWPA CLASS ACTION ALLEGATIONS

58.     Named Plaintiffs bring the Second, Third, and Fourth Causes of Action of the instant Complaint as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and all similarly situated employees, for relief to redress and remedy Defendant's violations of the VMWA and VWPA, Virginia Code §§ 40.1-28.8 *et seq.*, and 40.1-29 *et seq.*

59.     Named Plaintiffs bring their state law counts for violations of the VMWA and VWPA as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and all similarly situated employees, for relief to redress and remedy Defendant's violations of the VMWA and VWPA and failure to pay all wages due and owing pursuant to Defendant's written employment contract and/or compensation plan and/or Defendant's failure to pay full reasonable consideration for all compensable work duties performed for Defendant's benefit.

60.     Pursuit of this action as a class will provide the most efficient mechanism for

adjudicating the claims of Named Plaintiffs and the putative Class Plaintiffs.

61.     Named Plaintiffs reserve the right to establish Subclasses, or modify any Class or Subclass definition, as appropriate.

62.     Members of the Class and/or any Subclasses will be collectively referred to as "class members."  Named Plaintiffs reserve the right to re-define the Class and add additional Subclasses as appropriate based on investigation, discovery, and specific theories of liability.

63.     <u>Common Questions Predominate</u>: There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class, and these common questions of law and fact predominate over any questions affecting members of the proposed class individually, in that all putative class members have been harmed by Defendant's failure to lawfully compensate them.  The common questions of law and fact include, but are not limited to, the following:

> (a)     Whether pre- and/or post-shift work performed by putative Class Members is compensable under the VMWA and/or VWPA;

> (b)     Whether Defendants' failure to compensate putative Class Members for pre- and/or post-shift work is in violation of the VMWA and/or VWPA;

> (c)     Whether Defendants failed to compensate putative Class Members at the earned, accrued, and/or promised rate for all hours worked in excess of forty (40) each week;

> (d)     Whether Defendant failed to compensate putative Class Members for all of their earned, accrued, and/or promised wages, including, but not limited to, straight time and overtime on their regular pay date, in violation of the VMWA and/or VWPA;

(e)     Whether Defendant failed to provide accurate itemized wage statements to Plaintiffs and class members; and

(g)     Whether Defendants' conduct was willful, reckless, or was done knowingly.

62.     There is a well-defined community of interest in this litigation and the proposed Class is readily ascertainable:

(a)     <u>Numerosity</u>:  The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.  While the exact number of class members is unknown to Named Plaintiffs at this time, upon information and belief, the class comprises at least 350 individuals.  The identities of the Class Members are readily ascertainable by inspection of Defendant's employment and payroll records.

(b)     <u>Typicality</u>: The claims of the Named Plaintiffs are typical of the claims which could be alleged by any member of the putative Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.  All putative Class Members were subject to the same compensation practices of Defendant, as alleged herein, of failing to pay employees for all pre- and/or post-shift work. Defendant's compensation policies and practices affected all putative Class Members similarly, and Defendant benefited from the same type of unfair and/or unlawful acts as to each putative Class Member. Named Plaintiffs and members of the proposed Class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

(c)     <u>Adequacy of Representation</u>: Named Plaintiffs will fairly and adequately represent and protect the interests of all members of the Class because it is in their best

interest to prosecute the claims alleged herein to obtain full compensation and penalties due them and the Class.  Plaintiffs' attorneys, as proposed class counsel, are competent and experienced in litigating large employment class actions and versed in the rules governing class action discovery, certification, and settlement.  Plaintiffs have incurred, and throughout the duration of this action, will continue to incur attorneys' fees and costs that have been and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d)     Superiority: A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all class members is impracticable.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender.  Because the losses, injuries and damages suffered by each of the individual class members may be small for some in the sense pertinent to the class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially greater than if the claims are treated as a class action.  Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendant, and resulting in the impairment of class members' rights and the disposition of their interests

through actions to which they are not parties.  The issue in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

63.     <u>Public Policy Considerations</u>: Employers in the Commonwealth of Virginia violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as affording them privacy protections.

64.     Pursuit of this action as a class will provide the most efficient mechanism for adjudicating the claims of Named Plaintiffs and members of the proposed class.

**<u>FIRST CAUSE OF ACTION</u>**
**Violation of the Fair Labor Standards Act**
**29 U.S.C. § 201, *et seq.***
**Brought by Named Plaintiffs on Behalf of Themselves and all Similarly Situated Employees**

65.     Named Plaintiffs hereby re-allege and incorporate by reference all paragraphs above as though fully set forth herein.

66.     At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

67.     At all relevant times, Defendant has employed, and continues to employ, "employee[s]," including Plaintiffs, and each of the members of the prospective FLSA Class, that have been, and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

15

68.     At all relevant times, Defendant has had gross operating revenues in excess of $500,000.

69.     The FLSA, pursuant to §§ 206 and 207, requires each covered employer, including Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of forty (40) hours in a single workweek.

70.     At all relevant times, Defendant, pursuant to its policies and practices, failed and refused to pay for all hours worked to Plaintiffs, including for required, pre- and/or post-shift work performed by Plaintiffs.

71.     Defendant's failure to pay Plaintiffs for all hours worked, despite the fact that, upon information and belief, Defendant knew of its obligations under the law, entitles Plaintiffs to liquidated damages in an amount equal to the amount of unpaid wages under 29 U.S.C. § 216(b), since Defendant cannot show it acted in good faith, and a three (3) year, rather than two (2) year statute of limitations, since Defendant's acts constitute willful violations of the FLSA, within the meaning of 29 U.S.C. § 255(a)

72.     As a result of Defendant's unlawful acts, Plaintiffs have been deprived of compensation for all required pre- and/or post-shift hours worked, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, and attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
**Violation of the Virginia Minimum Wage Act**
**Virginia Code § 40.1-28.8 *et seq.***
**Brought by Named Plaintiffs on Behalf of Themselves and all Similarly Situated Employees**

73.     Plaintiffs hereby re-allege and incorporate by reference all paragraphs above as though fully set forth herein.

74.     At all relevant times, Defendant has employed, and/or continues to employ, Plaintiffs within the meaning of the VMWA.

75.     Defendants employed Named Plaintiffs, and similarly situated employees, within the Commonwealth of Virginia.

76.     Virginia Code § 40.1-28.8 *et seq.* provides that, prior to May 1, 2021, every employer shall pay to each of its employees' wages at a rate not less than the federal minimum wage and the payment of a lesser wage than the minimum so fixed is unlawful.

77.     Virginia Code § 40.1-28.8 *et seq.* also provides that "[f]rom May 1, 2021, until January 1, 2022, every employer shall pay to each of its employees' wages at a rate not less than the greater of (i) $9.50 per hour or (ii) the federal minimum wage."

78.     During the relevant time period, Defendant paid Plaintiffs and class members less than minimum wages when they did not pay Plaintiffs and class members for all hours worked. For example, whenever Plaintiffs performed pre- and/or post-shift work, Defendant did not pay them *at all* for the time they spent working. To the extent these hours do not qualify for the payment of overtime, Plaintiffs and class members were not being paid at least minimum wages for their work.

79.     During the relevant time period, Defendant regularly failed to pay at least minimum wages to Named Plaintiffs and class members for all hours worked pursuant to Virginia Code § 40.1-28.10.

80.     Defendants' failure to pay Named Plaintiffs and class members the required minimum wages violate Virginia Code § 40.1-28.10.  Pursuant to Virginia Code § 40.1-29, Named Plaintiffs and class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorneys' fees.

81.     Pursuant to Virginia Code § 40.1-29, Named Plaintiffs and class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

82.     Pursuant to Virginia Code § 40.1-28.11, whoever knowingly and intentionally violates any provisions of this article shall be punished by a fine of not less than $10 nor more than $200.

**THIRD CAUSE OF ACTION**
**Violation of the Virginia Wage Payment Act**
**For Failure to Pay Proper Wages**
**Virginia Code § 40.1-29 *et seq.***
**Brought by Named Plaintiffs on Behalf of Themselves and all Similarly Situated Employees**

83.     Named Plaintiffs hereby re-allege and incorporate by reference all paragraphs above as though fully set forth herein.

84.     At all relevant times, Defendant has employed, and/or continues to employ, Plaintiffs within the meaning of the VWPA.

85.     Defendant employed Named Plaintiffs, and similarly situated employees, within the Commonwealth of Virginia.

86.     Virginia Code § 40.1-29 *et seq.* provides that it is unlawful to employ persons for over forty (40) hours in a workweek without compensating them at a rate of pay of one and one-half times the person's regular rate of pay.

87.     Pursuant to Virginia Code § 40.1-29 *et seq.*, during the relevant time period, Defendant was required to compensate Named Plaintiffs and class members for all overtime hours worked, calculated at one and one-half (1½) times the regular rate of pay for hours worked in excess of forty (40) hours per week.

88.     Named Plaintiffs and class members were non-exempt employees entitled to the protections of the VWPA.

89.     During the relevant time period, Defendant failed to pay Named Plaintiffs and class members overtime wages for all overtime hours worked.

90.     In violation of the VWPA, Defendants have knowingly and willfully refused to perform their obligations and compensate Named Plaintiffs and class members for all wages earned and all hours worked, including unpaid work performed as alleged above.

91.     Defendants' failure to pay Named Plaintiffs and class members the unpaid balance of overtime compensation, as required by Virginia law, violates the provisions of the VWPA, and is therefore unlawful.

92.     Pursuant to the VWPA, Named Plaintiffs and class members are entitled to recover their unpaid overtime as well as an additional equal amount as liquidated damages, interest, costs, and attorneys' fees. Additionally, because Defendant knowingly failed to pay wages to Plaintiffs in accordance with the VWPA, Plaintiffs are entitled to an amount equal to triple the amount of wages due.

### FOURTH CAUSE OF ACTION
**Violation of the Virginia Wage Payment Act**
**For Failure to Provide Accurate Itemized Wage Statements**
**Virginia Code § 40.1-29 *et seq.***
**Brought by Named Plaintiffs on Behalf of Themselves and all Similarly Situated Employees**

93.     Named Plaintiffs hereby re-allege and incorporate by reference all paragraphs above as though fully set forth herein.

94.     At all relevant times, Defendant has employed, and/or continues to employ, Plaintiffs within the meaning of the VWPA.

95.     Defendant employed Named Plaintiffs, and similarly situated employees, within the Commonwealth of Virginia.

96.     Virginia Code § 40.1-29(c) requires Defendant to provide each employee with an accurate wage statement, in writing, by a paystub or online accounting, that shows the name and address of the employer; the number of hours worked during the pay period if the employee is paid on the basis of (i) the number of hours worked or (ii) a salary that is less than the standard salary level adopted by regulation of the U.S. Department of Labor pursuant to § 13(a)(1) of the federal Fair Labor Standards Act, 29 U.S.C. § 213(a)(1), as amended, establishing an exemption from the Act's overtime premium pay requirements; the rate of pay; the gross wages earned by the employee during the pay period; and the amount and purpose of any deductions therefrom. The paystub or online accounting shall include sufficient information to enable the employee to determine how the gross and net pay were calculated.

97.     During the relevant time period, Defendant has knowingly and intentionally failed to comply with Virginia Code § 40.1-29(c) on wage statements that were provided to Named Plaintiffs and class members.  The deficiencies include, among other things, the failure to correctly state the total hours worked by Named Plaintiffs and class members.

98.     As a result of Defendant's knowing and intentional failure to comply with Virginia Code § 40.1-29(c), Named Plaintiffs and class members have suffered injury and damage to their statutorily protected rights.  Specifically, Named Plaintiffs and class members are deemed to suffer an injury pursuant to Virginia Code §§ 40.1-29(e) and 40.1-29(k) where, as here, Defendant intentionally violated Virginia Code 40.1-29(c).  Named Plaintiffs and class members were denied both their legal right to receive, and their protected interest in receiving, accurate itemized wage statements under Virginia Code 40.1-29(c).

99.     Pursuant to Virginia Code 40.1-29(j), in addition to any civil or criminal penalty provided by this section, and without regard to any exhaustion of alternative administrative remedies provided for in this section, if an employer fails to pay wages to an employee in accordance with this section, the employee may bring an action, individually, jointly, with other aggrieved employees, or on behalf of similarly situated employees against the employer in a court of competent jurisdiction to recover payment of the wages, and the court shall award the wages owed, an additional equal amount as liquidated damages, plus prejudgment interest thereon as provided in subsection G, and reasonable attorney fees and costs. If the court finds that the employer knowingly failed to pay wages to an employee in accordance with this section, the court shall award the employee an amount equal to triple the amount of wages due and reasonable attorney fees and costs.

## PRAYER FOR RELIEF

Named Plaintiffs, on behalf of themselves and on behalf of all others similarly situated, pray for relief and judgment against Defendant, as follows:

1.      For certification of this action as a collective action under the FLSA, including certifying the Class alleged by Named Plaintiffs;

2.      To issue notice of this collective action at the earliest possible time, or allow Named Plaintiffs to do so, to all individuals who were, are, or will be employed by Defendant in Virginia as operators, technicians, engineers, or other similar positions who were not compensated for all of their hours worked, including, but not limited to, above forty (40) per week, within three (3) years prior to the commencement of this action, through the date of judgment or final disposition in this action.  Such notice shall inform

them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

3.　For appointment of Named Plaintiffs as the class representatives;

4.　For appointment of Gregg C. Greenberg, of Zipin, Amster, and Greenberg, LLC, as lead class counsel for all purposes;

5.　For appointment of Francisco E. Mundaca, of The Spiggle Law Firm, PLLC, as co-counsel for all purposes;

6.　For appointment of Robert W.T. Tucci, of The Spiggle Law Firm, PLLC, as co-counsel for all purposes;

7.　For certification of this action as a class action under the VMWA and VWPA, and designate Named Plaintiffs as the representatives on behalf of all those similarly situated under the VMWA and VWPA class;

8.　Award Named Plaintiffs and all those similarly situated Class Plaintiffs actual damages in the amount of all wages found due to Named Plaintiffs and those similarly situated Class Plaintiffs and an award of liquidated damages as provided by the FLSA, VMWA, and VWPA, including an award of treble damages if the Court deems so appropriate;

9.　Award Named Plaintiffs and all those similarly situated Class Plaintiffs pre- and post-judgment interest at the statutory rate;

10.　Award Plaintiffs attorneys' fees, costs, and interest pursuant to the FLSA, U.S.C. § 216(b), and pursuant to the VMWA, Virginia Code § 40.1-28.8 *et seq*., and VWPA, Virginia Code § 40.1-29 *et seq*.; and

11.     Award Named Plaintiffs and all those similarly situated Class Plaintiffs further legal and/or equitable relief as this Court deems necessary, just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all issues so triable.

Respectfully Submitted,

/s/ *Gregg Greenberg*
Gregg C. Greenberg
Virginia State Bar No. 79610
ZIPIN, AMSTER & GREENBERG, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Telephone:     (301) 587-9373
Facsimile:      (240) 839-9142
E-Mail: ggreenberg@zagfirm.com

/s/ *Francisco Mundaca*
Francisco Mundaca
Virginia State Bar No. 96073
Robert W.T. Tucci
*Pro Hac Vice admission pending*
North Carolina State Bar No. 55014
THE SPIGGLE LAW FIRM, PLLC
4830A 31st St., S., Suite A
Arlington, Virginia 22206
Telephone:     (202) 449-8527
Facsimile:      (202) 517-9179
E-Mail: fmundaca@spigglelaw.com
            rtucci@spigglelaw.com

*Counsel for Named Plaintiffs, Julie Glennon and Thomas E. Overby, Jr., and all others similarly situated*