UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| JULIE GLENNON and THOMAS E. OVERBY, JR., individually and on behalf of all others similarly situated,<br><br>   *Plaintiffs*,<br><br>   v.<br><br>ANHEUSER-BUSCH, LLC,<br><br>   *Defendant*. | Case 4:21-cv-00141-AWA-DEM |

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT**

Defendant Anheuser-Busch, LLC ("Defendant") hereby answers each of the paragraphs of the complaint filed on November 5, 2021 (Doc. No. 1, "Complaint") by plaintiffs Julie Glennon and Thomas E. Overby (together, "Named Plaintiffs") as set forth below. Defendant denies any and all allegations in the Complaint that are not expressly admitted below.

**NATURE OF ACTION AND INTRODUCTORY STATEMENT**

1. Defendant denies the allegations in paragraph 1.

2. Defendant denies the allegations in paragraph 2.

3. Defendant denies the allegations in paragraph 3.

4. Defendant denies the allegations in paragraph 4.

5. Defendant denies the allegations in paragraph 5.

6. Defendant denies the allegations in paragraph 6.

7. Defendant admits that Named Plaintiffs purport to bring this action as a collective action under the Fair Labor Standards Act ("FLSA") but denies that collective treatment of Named Plaintiffs' claims is appropriate and denies all other allegations in paragraph 7.

8. Defendant denies the allegations in paragraph 8.

9. Defendant admits that Named Plaintiffs purport to represent others and seek the remedies listed in paragraph 9. Defendant denies that Named Plaintiffs and/or any individuals whom they purport to represent are entitled to any such relief and denies all other allegations in paragraph 9.

10. Defendant admits that Named Plaintiffs are Virginia residents, worked for Defendant in Virginia, and purport to bring this lawsuit as described in paragraph 10. Defendant denies that Named Plaintiffs or any individuals whom they purport to represent are entitled to any relief and denies all other allegations in paragraph 10.

11. Defendant admits that Named Plaintiffs purport to seek class certification under Rule 23 of the Federal Rules of Civil Procedure but denies that class treatment of Named Plaintiffs' claims is available and denies all other allegations in paragraph 11.

12. Defendant admits that Named Plaintiffs purport to bring this lawsuit as described in paragraph 12. Defendant denies that Named Plaintiffs or any individuals whom they purport to represent are entitled to any relief and denies all other allegations in paragraph 12.

## JURISDICTION AND VENUE

13. Defendant admits that Named Plaintiffs purport to bring this lawsuit as described in paragraph 13 but denies that collective or class treatment of Named Plaintiffs' claims is appropriate and denies all other allegations in paragraph 13.

14. In response to paragraph 14, Defendant admits that this Court has original subject matter jurisdiction over Named Plaintiffs' FLSA cause of action but denies that this Court has original subject matter jurisdiction over any other causes of action.

15. In response to paragraph 15, Defendant does not contest this Court's jurisdiction over Named Plaintiffs' state law causes of action while Named Plaintiffs' FLSA cause of action remains active.

16. In response to paragraph 16, Defendant admits that the Court has personal jurisdiction over Defendant.

17. In response to paragraph 17, Defendant does not contest venue but denies that Named Plaintiffs are entitled to any relief.

## COVERAGE

18. Defendant admits the allegations in paragraph 18.

19. Defendant admits that Named Plaintiffs are employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206–207. Defendant denies the remaining allegations in paragraph 19.

20. In response to paragraph 20, Defendant admits that it is an enterprise engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. § 203(s).

## PARTIES

21. Defendant admits the allegations in paragraph 21.

22. In response to paragraph 22, Defendant admits that it is an employer within the meaning of the FLSA and Virginia Code §§ 40.1-28.9 and that it employs employees in the Commonwealth of Virginia.

23. Defendant admits the allegations in paragraph 23.

24. In response to paragraph 24, Defendant admits that it is an enterprise within the meaning of the FLSA.

25. Defendant admits that it is Named Plaintiffs' employer within the meaning of the FLSA and the Virginia laws cited in the Complaint. Defendant denies the remaining allegations in paragraph 25.

26. Defendant admits that it has employed Named Plaintiff Glennon in the Commonwealth of Virginia since June 2013 and that she is an operator. Defendant denies the remaining allegations in paragraph 26.

27. Defendant admits that it has employed Named Plaintiff Overby in the Commonwealth of Virginia since 1991 and that he is a maintenance technician. Defendant denies the remaining allegations in paragraph 27.

28. Defendant lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 28, and therefore denies them.

## **FACTUAL ALLEGATIONS**

29. Defendant admits that it employs operators, technicians, and engineers in a brewery in Williamsburg, Virginia. Defendant denies the remaining allegations in paragraph 29.

30. Defendant admits the allegations in paragraph 30.

31. Defendant denies the allegations in paragraph 31.

32. Defendant admits the allegations in paragraph 32.

33. Defendant admits the allegations in paragraph 33.

34. Defendant admits the allegations in paragraph 34.

35. Defendant admits that Named Plaintiff Overby's job duties as a maintenance technician include fulfilling maintenance work orders, writing work orders, and closing work orders. Defendant denies the remaining allegations in paragraph 35.

36. Defendant admits that it compensates operators, technicians, and engineers on an hourly basis and classifies such employees as non-exempt under the FLSA.  Defendant denies the remaining allegations in paragraph 36.

37. Defendant admits that there are three eight-hour shifts scheduled per day, and operators, technicians, and engineers are typically assigned to one of the three shifts.  Defendant denies the remaining allegations in paragraph 37.

38. Defendant admits that it uses an electronic timekeeping system to record each non-exempt employee's time in the brewery.   Defendant denies the remaining allegations in paragraph 38.

39. Defendant denies the allegations in paragraph 39.

40. Defendant denies the allegations in paragraph 40.

41. Defendant denies the allegations in paragraph 41.

42. Defendant denies the allegations in paragraph 42.

43. Defendant denies the allegations in paragraph 43.

44. Defendant denies the allegations in paragraph 44.

45. Defendant denies the allegations in paragraph 45.

46. Defendant denies the allegations in paragraph 46.

47. Defendant denies the allegations in paragraph 47.

48. Defendant denies the allegations in paragraph 48.

49. Defendant denies the allegations in paragraph 49.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

50. Defendant admits that Named Plaintiffs purport to bring the first cause of action as described in paragraph 50 but denies that collective treatment of Named Plaintiffs' claims is appropriate and denies the remaining allegations in paragraph 50.

51. Defendant denies the allegations in paragraph 51.

52. Defendant denies the allegations in paragraph 52.

53. Defendant denies the allegations in paragraph 53.

54. Defendant denies the allegations in paragraph 54.

55. Defendant denies the allegations in paragraph 55.

56. Defendant admits that consent forms purportedly signed by Named Plaintiffs are filed with the Court as Exhibits A and B to their Complaint. Defendant denies the remaining allegations in paragraph 56.

57. Defendant admits that Named Plaintiffs request permission to bring the first cause of action in the manner described in paragraph 57 but denies that this lawsuit should be conditionally certified as a collective action and denies the remaining allegations in paragraph 57.

## **RULE 23 VMWA AND VWPA CLASS ACTION ALLEGATIONS**

58. Defendant admits that Named Plaintiffs purport to bring the second, third, and fourth causes of action as described in paragraph 58 but denies that class treatment of Named Plaintiffs' claims is available and denies the remaining allegations in paragraph 58.

59. Defendant admits that Named Plaintiffs purport to bring the second, third, and fourth causes of action as described in paragraph 59 but denies that class treatment of Named Plaintiffs' claims is available and denies the remaining allegations in paragraph 59.

60. Defendant denies the allegations in paragraph 60.

61. Defendant denies that Named Plaintiffs have the right that they purport to reserve and denies the remaining allegations in paragraph 61.

62. Defendant denies that Named Plaintiffs have the right that they purport to reserve and denies the remaining allegations in paragraph 62.

63. Defendant denies the allegations in paragraph 63, including each and every subpart thereof.

62. Defendant denies the allegations in the second paragraph numbered 62, including each and every subpart thereof.

63. Defendant denies the allegations in the second paragraph numbered 63.

64. Defendant denies the allegations in paragraph 64.

## FIRST CAUSE OF ACTION
### Violation of the Fair Labor Standards Act
### 29 U.S.C. § 201 *et seq.*
**Brought by Named Plaintiffs on Behalf of Themselves and all Similarly Situated Employees**

65. In response to paragraph 65, Defendant incorporates by reference the foregoing responses as if fully rewritten here.

66. In response to paragraph 66, Defendant admits that it is an employer engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. § 203.

67. Defendant admits that it employs employees within the meaning of the FLSA. Defendant denies the remaining allegations in paragraph 67.

68. Defendant admits the allegations in paragraph 68.

69. Defendant admits the allegations in paragraph 69.

70. Defendant denies the allegations in paragraph 70.

71. Defendant denies the allegations in paragraph 71.

72. Defendant denies the allegations in paragraph 72.

## SECOND CAUSE OF ACTION
### Violation of the Virginia Minimum Wage Act
### Virginia Code § 40.1-28.8 *et seq.*
**Brought by Named Plaintiffs on Behalf of Themselves and all Similarly Situated Employees**

73. In response to paragraph 73, Defendant incorporates by reference the foregoing responses as if fully rewritten here.

74. Defendant admits that it employs Named Plaintiffs within the meaning of the VMWA. Defendant denies the remaining allegations in paragraph 74.

75. Defendant admits that it employs Named Plaintiffs in the Commonwealth of Virginia. Defendant denies the remaining allegations in paragraph 75.

76. Defendant denies the allegations in paragraph 76.

77. Defendant admits that Virginia Code § 40.1-28.10(B) states that "[f]rom May 1, 2021, until January 1, 2022, every employer shall pay to each of its employees wages at a rate not less than the greater of (i) $9.50 per hour or (ii) the federal minimum wage." Defendant denies the remaining allegations in paragraph 77.

78. Defendant denies the allegations in paragraph 78.

79. Defendant denies the allegations in paragraph 79.

80. Defendant denies the allegations in paragraph 80.

81. Defendant denies the allegations in paragraph 81.

82. Defendant admits the allegations in paragraph 82, but denies that Named Plaintiffs are entitled to any recovery under the cited provision.

### THIRD CAUSE OF ACTION
**Violation of the Virginia Wage Payment Act
For Failure to Pay Proper Wages
Virginia Code § 40.1-29 *et seq*.
Brought by Named Plaintiffs on Behalf of Themselves and all Similarly Situated Employees**

83. In response to paragraph 83, Defendant incorporates by reference the foregoing responses as if fully rewritten here.

84. Defendant admits that it employs Named Plaintiffs within the meaning of the VWPA. Defendant denies the remaining allegations in paragraph 84.

85. Defendant admits that it employed Named Plaintiffs in the Commonwealth of Virginia. Defendant denies the remaining allegations in paragraph 85.

86. Defendant denies the allegations in paragraph 86.

87. Defendant denies the allegations in paragraph 87.

88. Defendant admits that Named Plaintiffs were non-exempt employees protected by the VWPA. Defendant denies the remaining allegations in paragraph 88.

89. Defendant denies the allegations in paragraph 89.

90. Defendant denies the allegations in paragraph 90.

91. Defendant denies the allegations in paragraph 91.

92. Defendant denies the allegations in paragraph 92.

**FOURTH CAUSE OF ACTION**
**Violation of the Virginia Wage Payment Act**
**For Failure to Provide Accurate Itemized Wage Statements**
**Virginia Code § 40.1-29** *et seq.*
**Brought by Named Plaintiffs on Behalf of Themselves and all Similarly Situated Employees**

93. In response to paragraph 93, Defendant incorporates by reference the foregoing responses as if fully rewritten here.

94. Defendant admits that it employs Named Plaintiffs. Defendant denies the remaining allegations in paragraph 94.

95. Defendant admits that it employed Named Plaintiffs in the Commonwealth of Virginia. Defendant denies the remaining allegations in paragraph 95.

96. Defendant denies the allegations in paragraph 96.

97. Defendant denies the allegations in paragraph 97.

98. Defendant denies the allegations in paragraph 98.

99. Defendant denies the allegations in paragraph 99.

**PRAYER FOR RELIEF**

Defendant admits that Named Plaintiffs seek the relief set forth in the paragraph immediately following the heading "Prayer for Relief" but denies that Named Plaintiffs are entitled to such relief.

**DEMAND FOR TRIAL BY JURY**

Defendant admits that Named Plaintiffs demand a trial by jury on all issues so triable.

AFFIRMATIVE AND OTHER DEFENSES

As for separate defenses to the Complaint, and without conceding that Defendant has the burden of proof or persuasion as to any of them except as required by applicable law, Defendant states as follows, which defenses are pleaded as to Named Plaintiffs and shall apply to any opt-in plaintiffs or class members to the extent that the Court orders this case to proceed as a collective or class action:

FIRST DEFENSE

The Complaint or portions thereof fail to state a claim upon which relief can be granted.

SECOND DEFENSE

Named Plaintiffs and any individuals whom they purport to represent are not entitled to any recovery because any alleged acts or omissions by Defendant were made in good faith and in conformity with and reliance on applicable administrative regulations, orders, rules, approval or interpretations, or administrative practice or enforcement policies regarding payment of overtime and the minimum wage under the FLSA and state law.

### THIRD DEFENSE

Defendant acted in good faith and with reasonable grounds to believe it had not violated the FLSA or state law, and Named Plaintiffs and any individuals whom they purport to represent are not entitled to recover liquidated damages or other penalties. Defendant neither knew of, nor intended, any alleged act that is prohibited by the FLSA or state law. Nor did Defendant show reckless indifference or disregard for the requirements of the FLSA or state law, or ratify any such acts or omissions. In particular, Defendant acted in good faith and with reasonable grounds to believe that the time for which Named Plaintiffs seek damages does not constitute compensable work time pursuant to the Portal-to-Portal Act or other applicable law.

### FOURTH DEFENSE

Defendant did not willfully deprive any persons of any wages to which they may have been entitled.

### FIFTH DEFENSE

Named Plaintiffs' claims, including claims purportedly brought on behalf of others, are barred because the time for which Named Plaintiffs seek damages does not constitute compensable work time. Such time was spent on non-compensable preliminary or postliminary activities.

### SIXTH DEFENSE

Named Plaintiffs' claims, including claims purportedly brought on behalf of others, are barred because any time for which Named Plaintiffs seek recovery in this case was *de minimis* in nature.

### SEVENTH DEFENSE

Neither collective nor class treatment or relief is appropriate because Named Plaintiffs are not similarly situated with respect to any other current or former employees of Defendant, Named

Plaintiffs cannot establish a claim on their own behalf, and/or Named Plaintiffs cannot establish the requisite elements of a collective or class action.

## EIGHTH DEFENSE

The Complaint fails because it does not adequately define the allegedly similarly situated individuals whom Named Plaintiffs purport to represent.

## NINTH DEFENSE

Defendant is entitled to a credit or offset for monies or amounts paid or provided to Named Plaintiffs and/or any individuals whom they purport to represent for periods in which they received compensation but were not engaged in work.

## TENTH DEFENSE

Defendant is entitled to a credit toward any overtime compensation sought by Named Plaintiffs and/or any individuals whom they purport to represent for any straight time or overtime payments that Defendant has already made during the relevant time period.

## ELEVENTH DEFENSE

Any amounts paid to Named Plaintiffs and/or any other individuals whom they purport to represent that were properly excluded from the regular rate of pay must be excluded from the calculation of any overtime rate of pay that may be found to be owed to such individuals.

## TWELFTH DEFENSE

Named Plaintiffs' claims, including claims purportedly brought on behalf of others, are barred, in whole or in part, by applicable statutes of limitations.

### THIRTEENTH DEFENSE

The Complaint is barred to the extent that Named Plaintiffs and/or any individuals whom they purport to represent have waived their right to recovery and/or executed a release of any claims asserted in this lawsuit, in whole or in part.

### FOURTEENTH DEFENSE

The Complaint is barred, in whole or in part, to the extent that Named Plaintiffs and/or any individuals whom they purport to represent agreed to waive any right to have any claim or dispute brought, heard, or arbitrated as a class and/or collective action.

### FIFTEENTH DEFENSE

If Named Plaintiffs or any individuals whom they purport to represent file or have filed claims for bankruptcy and fail or have failed to disclose the claims asserted herein as an asset of the bankruptcy estate or in the bankruptcy petition or attached schedule, they are barred from pursuing their claims under the doctrine of judicial estoppel, for lack of standing, and/or because of unclean hands.

### SIXTEENTH DEFENSE

Named Plaintiffs have failed to state a claim for relief against Defendant, which is a necessary prerequisite to an award of attorneys' fees from Defendant.

### SEVENTEENTH DEFENSE

A class action under Federal Rule of Civil Procedure 23 is not available to Named Plaintiffs because Virginia law does not authorize Named Plaintiffs to bring any of their claims on behalf of a class.

<u>EIGHTEENTH DEFENSE</u>

The claims of Named Plaintiffs and any individuals whom they purport to represent are barred to the extent that such individuals agreed to submit such claims to arbitration.

<u>NINETEENTH DEFENSE</u>

The Complaint's third and fourth causes of action are barred to the extent that they purport to apply the Virginia Wage Payment Act or the Virginia Overtime Wage Act retroactively.

WHEREFORE, Defendant prays for judgment as follows:

1. That Named Plaintiffs take nothing by reason of the Complaint and that the same be dismissed with prejudice on the merits;

2. That judgment be entered for Defendant;

3. That Defendant recovers its costs of suit herein; and

4. That Defendant be granted such further relief as the Court deems just and proper.

Dated: January 18, 2022             Respectfully submitted,

*/s/ Robert G. Lian, Jr.*
Robert G. Lian, Jr. (VA Bar No. 36406)
Joshua K. Sekoski (VA Bar No. 84435)
Katherine I. Heise (*pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street N.W.
Washington, D.C. 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
E-mail: blian@akingump.com
        jsekoski@akingump.com
        kheise@akingump.com
*Attorneys for Defendant Anheuser-Busch LLC*

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on January 18, 2022, I electronically filed this document through the ECF system, which will send a notice of electronic filing to all counsel of record.

                 */s/ Robert G. Lian, Jr.*
                 Robert G. Lian, Jr. (VA Bar No. 36406)
                 AKIN GUMP STRAUSS HAUER & FELD LLP
                 2001 K Street N.W.
                 Washington, D.C. 20006
                 Telephone: (202) 887-4000
                 Facsimile: (202) 887-4288
                 E-mail: blian@akingump.com
                 *Attorney for Defendant Anheuser-Busch LLC*