**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA**
Newport News Division

| | |
|---|---|
| JULIE GLENNON and THOMAS E. OVERBY, JR., individually and on behalf of all others similarly situated,<br><br>      *Plaintiffs*,<br><br>      v.<br><br>ANHEUSER-BUSCH, LLC,<br><br>      *Defendant.* | Case 4:21-cv-00141-AWA-DEM |

**DEFENDANT'S RESPONSE TO NAMED PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE UNDER THE FAIR LABOR STANDARDS ACT**

Defendant Anheuser-Busch, LLC ("A-B") respectfully submits this response to Named Plaintiffs' motion to conditionally certify their first cause of action as a collective action and for court-authorized notice under Section 16(b) of the Fair Labor Standards Act ("FLSA").

**I.    INTRODUCTION AND SUMMARY OF A-B'S RESPONSE**

Named Plaintiffs seek conditional certification of their claims under the FLSA and the issuance of court-authorized notice to potential class members. Named Plaintiffs also assert claims under the Virginia Minimum Wage Act ("VMWA"), Virginia Code §§ 40.1-28.8 et seq., and the Virginia Wage Payment Act, Virginia Code §§ 40.1 29 et seq. However, the Named Plaintiffs' instant motion seeks collective action treatment only with respect to their claims under the FLSA.

A-B does not oppose the issuance of notice or conditional certification of Named Plaintiffs' first cause of action as a collective action, reserving all rights to challenge such certification at a later stage of the case. As described further below, however, A-B objects to several aspects of the

Case 4:21-cv-00141-AWA-DEM   Document 20   Filed 02/11/22   Page 2 of 15 PageID# 162

content of the notice and consent forms, as well as other features of the notice process, proposed by Named Plaintiffs. Indeed, most elements of Named Plaintiffs' proposed notice process were rejected as "invasive and duplicative" recently in another case handled by the same plaintiffs' counsel. *See Stacy v. Jennmar Corp. of Va., Inc.,* No. 1:21CV00015, 2021 WL 4787278, at *4–5 (W.D. Va. Oct. 14, 2021).

Counsel for the parties have conferred in an effort to resolve their differences. Named Plaintiffs have agreed that, unless future circumstances require or otherwise merit a need for an extension of the deadline, they consent to an initial opt-in deadline of 60 days, instead of the 90 days requested in their moving papers. Further, unless future circumstances require or otherwise merit a need for production of dates of birth and/or social security numbers for potential class members, Named Plaintiffs consent to the exclusion of dates of birth and social security numbers from the information they have requested the Court order be produced by A-B to facilitate notice.

A number of disputes remain, however. Named Plaintiffs' proposed class definitions (there are two) contain improper suggestions that A-B violated the law and seeks to incorporate more potential plaintiffs than allowed by the FLSA. The notice form proposed by Named Plaintiffs is imbalanced and incomplete, fails to give potential class members adequate information to enable them to make an informed decision about whether to opt-in, and suggests judicial endorsement of Named Plaintiffs' case and judicial directive that potential class members participate. The form attached hereto as Attachment A to Exhibit 3 addresses those issues. Named Plaintiffs' proposed consent form also lacks key information and includes a "client information sheet" that is wholly inappropriate in the FLSA notice process. Instead, the form of consent attached hereto as Attachment B to Exhibit 3 should be utilized.

Similarly flawed is the process Named Plaintiffs propose for the issuance of notice and return of consent forms, including use of reminder notice, text and email communication with potential class members, and the requirement that A-B post a notice in its facility and in employee paychecks. Such overzealous notice is unnecessary, would undercut the Court's ability to manage and supervise the notice process, and suggests that Named Plaintiffs intend to engage in a campaign to pressure potential class members to join the case. Named Plaintiffs' counsel sought each of these measures in *Jennmar Corp.* The court there rejected them in favor of notice by first-class mail only. This Court should follow the same approach and should likewise limit the contact information that A-B must produce to home mailing addresses.

Finally, to ensure the notice process is administered fairly, the Court should order that notice be handled by a third-party administrator, at Named Plaintiffs' expense.

## II. BACKGROUND

On November 5, 2021, Plaintiffs Julie Glennon and Thomas Overby filed a complaint [ECF #1] against A-B alleging that they were required to perform work without compensation. They assert a single cause of action under the FLSA, for which they seek collective action treatment under Section 16(b) of the FLSA. *See* Compl. [ECF #1] ¶¶ 50-57, 65-72. They purport to assert claims on behalf of themselves and similarly situated employees who have worked at A-B's Williamsburg, Virginia brewery within the past three years. Compl. [ECF #1] ¶ 7. On January 18, 2022, A-B answered the complaint, denying Named Plaintiffs' allegations that they and potential class members were not compensated for work and denying that they are entitled to relief under the FLSA. *See* Def.'s Ans. [ECF #15] ¶¶ 7-9.

On January 28, 2022, Named Plaintiffs filed their motion for conditional certification and court-authorized notice under the FLSA. [ECF #17]. In their motion, Named Plaintiffs propose

an aggressive set of measures for contact with potential class members. These include the following:

    (1) Notice by regular mail, email, text message, posting at the workplace, and enclosure with employee pay stubs;

    (2) reminder notice; and

    (3) production by Defendant of the names, job titles, last known mailing addresses, home and cell phone numbers, business and home email addresses, dates of employment, and locations of employment of all potential plaintiffs;

*See* Named Plaintiffs' Motion [ECF #17].

On February 9, 2022, the parties agreed to limit the opt-in period to 60 days as described above. The Named Plaintiffs also agreed that they would not seek production of potential class members' dates of birth or social security numbers absent changed circumstances. This memorandum addresses remaining disputes.

**III. ARGUMENT**

A-B does not oppose the issuance of notice to potential class members or conditional certification of Named Plaintiffs' first cause of action as a collective action. While A-B vigorously disputes whether there is or was a "single decision, policy, or plan" or that Named Plaintiffs or other potential class members are entitled to any relief, A-B acknowledges the legal standard sets a low bar for plaintiffs at the preliminary stage of the case. A-B reserves all of its rights to challenge the propriety of class treatment on a motion for decertification, where the Court will be required to undertake a rigorous review of collective action treatment of Named Plaintiffs' first cause of action on a more developed factual record. In the meantime, there are several aspects of Named Plaintiffs' proposed content of the notice and the associated process that are inappropriate and which the Court should deny.

### a. The Court Should Approve A-B's Revisions to Named Plaintiffs' Notice and Consent Forms.

Redlined versions of notice and consent forms reflecting the parties' agreed upon 60-day notice period and revisions by A-B are attached hereto as Exhibits 1 and 2.[1] A-B's edits address several problems with Named Plaintiffs' proposed forms.

### i. The Class Definition in Named Plaintiffs' Proposed Notice Has Several Flaws.

Named Plaintiffs offer two definitions of the proposed FLSA class (one in their motion and one in their proposed notice) that are one-sided, misleading, and improperly purport to seek recovery for periods outside of the maximum possible limitations period, as well as in the future. In their motion, Named Plaintiffs ask for notice to be sent to:

> All individuals who were, are, or will be employed by Defendant in Virginia as non-exempt employees who were not compensated for all of their hours worked, including, but not limited to, above forty (40) per week, at any time during the three years prior to the commencement of this action, to the date of final disposition of this action.

*See* ECF #18 at 1. Their proposed notice describes recipients as follows:

> All individuals who were, are, or will be employed by Anheuser-Busch at the Williamsburg brewery as operators, packers, maintenance technicians, forklift drivers, or other similar positions, who were not compensated for all of their hours worked, including, but not limited to, above forty (40) per week, within three years prior to the commencement of this action, through the date of judgment or final disposition in this action.

*See* ECF #18-5 at 2.

Aside from being inconsistent in material respects, both definitions are improper because they assume that Named Plaintiffs' contention that they and other hourly employees at the Williamsburg brewery have not been compensated for all hours worked has merit. Specifically,

---

[1] Clean copies of the same are included as Attachments A and B to Exhibit 3.

Named Plaintiffs' proposed class definitions include the implicit assumption that A-B violated the law – i.e., it did not compensate employees for all hours worked. However, A-B maintains that the time for which Named Plaintiffs seek compensation was *not* compensable. *See* Def.'s Ans. at 11 (Fifth and Sixth Defenses). Indeed, whether the time for which Named Plaintiffs seek compensation is in fact compensable is one of the key disputes in the case. The Court's approval of Named Plaintiffs' proposed class definition would constitute an unwarranted and impermissible endorsement of the merits of Named Plaintiffs' claims. *See Edwards v. Optima Health Plan*, No. 2:20-cv-192 (RCY), 2021 WL 1174724, at *3 (E.D. Va. Mar. 29, 2021) ("[T]rial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989))).

Another key deficiency in Named Plaintiffs' proposed class definitions is how they define the class period from a time perspective. In particular, they define the FLSA class as encompassing persons who worked at A-B's Williamsburg brewery during a three-year period prior to commencement of the action. However, the liability period for a claim under the FLSA is tolled only when an individual's consent to join the lawsuit is filed with the Court. *See* ECF #18 at 2. As a result, potential class members' FLSA claims were not tolled upon the filing of Named Plaintiffs' complaint, meaning a potential class member could not seek any recovery under the FLSA for any period that is more than three years prior to the date of filing a consent to join. Therefore, notice should be sent only to those Williamsburg brewery employees who worked within three years prior to the date on which notice is issued and should not reach back three years prior to the filing of Named Plaintiffs' complaint.

Lastly, the class definitions are flawed because they seek to include persons who "will be employed" at the Williamsburg brewery at some point in the future. However, notice cannot be

6

sent to individuals employed "through the date of judgment or final disposition in this action" (ECF #18-5 at 2) because there has been no date of judgment or final disposition in this case.

To rectify these flaws with Named Plaintiffs' potential class definitions, A-B proposes that notice be sent to the following individuals:

> All current and former hourly employees who worked for Anheuser-Busch at the Williamsburg brewery as operators, packers, maintenance technicians, forklift drivers, or similar positions within the past three years.

*See* Ex. 1 at 1. This description of the potential FLSA class is neutral and accurate and should be adopted.

### ii. The Notice is Improper Because it Includes Allegations Named Plaintiffs Did Not Make in their Complaint.

Named Plaintiffs' proposed notice states that they "seek to recover minimum wage and overtime wages due," among other relief. *See* ECF #18-5 at 2 (emphasis added). Yet Named Plaintiffs have not asserted a minimum wage claim under the FLSA. Rather, their lone purported cause of action under the FLSA seeks recovery of overtime wages. *See* ECF #1 at ¶¶ 9, 50–57, 65–72.[2] Accordingly, the notice should not imply that Named Plaintiffs are asserting an FLSA minimum wage claim. Further, the notice should clarify that Named Plaintiffs seek to recover overtime wages *allegedly* due. A-B has revised the notice accordingly. *See* Ex. 1 at 2.

### iii. Named Plaintiffs' Proposed Notice Fails to Include Critical Information.

Named Plaintiffs' proposed notice and proposed consent form fail adequately to explain that potential class members may be obligated to participate in discovery and/or testify at trial. *See*

---

[2] Named Plaintiffs' purported minimum wage claim is asserted under Virginia law and pleaded as a putative class action under Federal Rule of Civil Procedure 23. *See id.* at ¶¶ 59, 73-82.

7

*Byard v. Verizon W. Va., Inc.*, 287 F.R.D. 365, 375 (N.D.W. Va. 2012) ("Courts routinely accept text notifying potential plaintiffs of the possibility that they will be required to participate in discovery and testify at trial." (internal quotation marks and citations omitted) (collecting cases)); *Cummins v. Ascellon Corp.*, No. DKC 19-2953, 2020 WL 6544822, at *12 (D. Md. Nov. 6, 2020) (approving inclusion in notice of advisory that recipients "may be required to provide information in discovery, answer written questions, sit for depositions, and/or testify in court at a trial").

Likewise, potential class members should be informed that if A-B is successful, A-B's costs may be assessed against the plaintiffs. *See Mondragon v. Scott Farms, Inc.*, No. 5:17-cv-00356-FL, 2019 WL 489117, at *10 (E.D.N.C. Feb. 7, 2019) ("[P]rospective plaintiffs must be made aware that they are potentially liable for some portion of defendants' costs if defendants should prevail in the action."); *Byard*, 287 F.R.D. at 375 (disclosure of the possibility of an award of costs to a prevailing defendant will "serve the overarching purposes of the notice, i.e., allowing putative plaintiffs to 'make informed decisions about whether to participate.'") (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)); *Frykenberg v. Captain Georges of S.C., LP*, No. 4:19-cv-02971-SAL, 2020 WL 5757678, at *5 (D.S.C. Sept. 28, 2020) (holding that "text related to costs and expenses [is] both reasonable and appropriate"). A-B's revisions address these deficiencies so that the notice gives recipients the information they need to make an informed decision about whether to join and are not surprised by their subsequent litigation obligations. *See* Ex. 1 at 2; Ex. 2 at 6. Furthermore, as discussed in more detail below, the Court should order that the notice and consent process be administered by a neutral third-party administrator. *See* section d, *infra*. Accordingly, A-B has revised the notice to instruct recipients to submit claim forms to the administrator rather than to Named Plaintiffs' counsel. *See* Ex. 1 at 2.

### iv. The Court Should Reject Named Plaintiffs' Proposed "Client Information Sheet."

Named Plaintiffs' proposed notice includes a so-called "Client Information Sheet" that asks the recipient to provide a variety of personal information, including home and cell phone numbers, email address, dates of employment, job title, and pay rate. The "Client Information Sheet" states that it is "For Attorney Only – Not to be filed with the Court." At the bottom of the "Client Information Sheet" it instructs that the "Consent to Join" is to be sent back to Named Plaintiffs' counsel and that "[t]his form must be post marked no later than" 90 days after mailing and that "[i]f you fail to return the 'Consent to Join' form to Plaintiffs' counsel on or before the above deadline date, you may not be able to participate in this lawsuit." *See* ECF #18-6 at 3.

The inclusion of the "Client Information Sheet" with the consent form is improper in several respects. As an initial matter, it conflates the Court-authorized consent form with plaintiffs' counsels' information-gathering exercise in a way that will surely mislead potential class members and make it impossible for them to tell where the consent form ends and the information-gathering begins. Furthermore, by intertwining the two documents, it suggests that completion of the "Client Information Sheet" is a requirement to join the lawsuit, or at least creates substantial doubt about how the two are related. This imposes an implicit condition on putative class members' potential participation in the lawsuit that is found nowhere in the law. Finally, by including the "Client Information Sheet" as part of an official Court document, it suggests that the Court has specifically endorsed and approved the use of that form and has, in effect, "sided" with Named Plaintiffs' counsel on whether individuals should participate in this lawsuit. The Court, therefore, should not permit Named Plaintiffs' proposed "Client Information Sheet" to be included with the notice. *See* ECF #18-6 at 3. If Named Plaintiffs' counsel wish to gather the sort of information they seek in

9

the "Client Information Sheet," they can do so once potential class members have joined the lawsuit.

### v. The Notice Should Not Be Signed By the Court.

Named Plaintiffs' proposal to have the Court sign the notice form is highly irregular, and in light of all of the above efforts Named Plaintiffs seek to slant this process in their favor, should be rejected. While the notice is approved by the Court, it is not issued *from* the Court. Including the Court's signature on the notice suggests that it is issued from and a directive of the Court, creating the distinct potential for putative class members to believe that they have been "ordered" to participate or risk the Court's displeasure if they decline. Accordingly, A-B respectfully requests that the Court not include its signature on the notice. *See* ECF #18-5 at 4. A-B's proposed notice does not contain a place for such a signature.

In sum, A-B's proposed notice and consent forms will appropriately inform potential class members of their rights and responsibilities while "avoid[ing] even the appearance of judicial endorsement of the merits of the action." *See Hoffmann-La Roche*, 493 U.S. at 174.

### b. The Process for Issuance of Notice Proposed by Named Plaintiffs Should be Rejected in Favor of Notice by First-Class Mail and a 60-Day Opt-in Period.

Named Plaintiffs propose several unorthodox measures for the issuance of notice and the return of consent forms. These include: a 90-day opt-in period (now reduced to 60 days, per agreement of the parties), use of reminder notice at the half-way mark, text and email communication with potential class members, and the requirement that A-B post a notice about the case in its facility and insert yet another notice in employee paychecks. Named Plaintiffs fail to mention *Stacy v. Jennmar Corp. of Virginia, Inc.,* No. 1:21CV00015, 2021 WL 4787278 (W.D.

Va. Oct. 14, 2021) in their brief, a case in which their counsel made the same requests they make here but were rebuffed by the court just a few months ago. The court in that case ruled as follows:

> [T]he best and most appropriate form of notice is through the U.S. mail. I agree with defendants that sending notice via email, text message, or phone call and posting notices at the defendants' workplace or in putative plaintiffs' pay stubs would be too invasive and duplicative, and the plaintiffs have not demonstrated at this time that the mailing of notices would be ineffective. *See Martinez v. Cargill Meat Sols.*, 265 F.R.D. 490, 500–01 (D. Neb. 2009).

*Id*. at *4-5. The same principles apply here. Named Plaintiffs offer no reason why notice through first-class mail is not entirely adequate to bring this case to the attention of potential class members and present them with the opportunity to join. Allowing Named Plaintiffs' counsel to communicate with potential class members through email and text message is intrusive, potentially unwelcome by the recipients, and could infringe on potential class members' sense of privacy. It also invites the sort of unregulated communication with potential class members that the Court's supervision of the notice process is designed to protect against. For example, Named Plaintiffs' fail to describe the content of the text message communication they propose to utilize; clearly the entire notice itself cannot be contained in a text message. Likewise, requiring A-B to undertake the effort to stuff pay stub envelopes with notices about the lawsuit imposes an inappropriate burden on A-B when there has been no showing of any unusual or unique circumstances suggesting that first-class mail notice is not sufficient.

Similarly inappropriate is any requirement that A-B post a notice about the case in its facility. It is clear that what Named Plaintiffs are trying to accomplish with the paystub and posting requirements (on top of the mailed notice, reminder notice, email, and text message) is to bombard potential class members with information about the case and simultaneously create the impression that A-B supports this lawsuit and wants them to participate in it. The Court should reject Named

11

Plaintiffs' scheme and deny their request for any sort of notification except through first-class mail. As the court did in *Jennmar Corp.*, the Court here also should deny Named Plaintiffs' request to issue a "reminder" notice. Sixty days affords potential class members more than enough time to consider whether to join the case, without need for a reminder.

### c. The Court Should Reject Named Plaintiffs' Information Requests.

For the same reasons as above, Named Plaintiffs' request for potential class members' home and cell phone numbers and business and personal email addresses—in addition to the disclosure of their last known address—is excessive and inappropriate. Named Plaintiffs offer no evidence to support the need for potential class members' phone numbers and email addresses, but instead merely speculate that some potential class members "may" have moved. ECF #18 at 22. Absent evidence of special circumstances, disclosure of such information is not appropriate. *See, e.g. Williams v. GGC-Baltimore, LLC*, No. 1:19-cv-00274-JMC, 2019 WL 2058903, at *2 (D. Md. May 8, 2019) (denying request for the production of telephone numbers absent "special circumstances . . . necessitat[ing] such production"); *McFeeley v. Jackson St. Entm't, LLC*, No. DKC 12-1019, 2012 WL 5928902, at *5 n.2 (D. Md. Nov. 26, 2012) ("[A]bsent a showing by plaintiffs of special need for disclosure of class members' telephone numbers, ordering such disclosure is not appropriate." (internal quotation marks and citation omitted)); *Hager v. Omnicare, Inc.*, No. 5:19-cv-00484, 2020 WL 5806627, at *13 (S.D.W. Va. Sept. 29, 2020) ("The disclosure of phone numbers . . . implicates privacy concerns and . . . should not be required absent particularized need." (internal quotation marks and citation omitted)); *Teramura v. Walgreen Co.*, No. 12-5244, 2013 WL 12171862, at *4 (W.D. Ark. Mar. 7, 2013) (as plaintiffs provided no reason that notice by mail was insufficient, the court "den[ied] plaintiffs' request to communicate with potential plaintiffs by telephone, email, or website").

In *Jennmar Corp.*, the court declined to order the disclosure of potential class members' phone numbers and email addresses because it would be "too invasive and duplicative" and plaintiffs had not shown why the mailing of notices would be ineffective. 2021 WL 4787278, at *4–5. The same is true here, and Named Plaintiffs' request for potential class members' phone numbers and email addresses should be denied.

### d. The Court Should Order the Use of a Third-Party Administrator at Plaintiffs' Expense to Facilitate Notice.

The Court should order the parties to use a third-party notice administrator to send notice, which will maintain the confidentiality of contact information for potential class members unless and until they file notice with the Court or contact Named Plaintiffs' counsel. Named Plaintiffs' overzealous notice proposal clearly evinces an intent on their part to actively solicit participation in this lawsuit. A third-party administrator would best ensure neutral and fair notice and should be provided at Named Plaintiffs' expense. *See Lynch v. Dining Concepts Grp., LLC*, No. 2:15-cv-580-PMD, 2015 WL 5916212, at *7 (D.S.C. Oct. 8, 2015) (ordering use of a third-party administrator at plaintiffs' expense); *Robinson v. Empire Equity Grp., Inc.*, No. WDQ-09-1603, 2009 WL 4018560, at *5 (D. Md. Nov. 18, 2009) (ordering that notices be mailed by a neutral third-party administrator to "safeguard[] the privacy of potential class members"); *In re Am. Family Mut. Ins. Co. Overtime Pay Litig.*, No. 06-cv-17430-WYD-CBS, 2009 WL 248677, at *4 (D. Colo. Feb. 3, 2009) (ordering use of an administrator over the plaintiffs' objection and finding that "use of a third-party administrator is appropriate to protect the integrity of the process and to protect the confidential information of potential opt-in plaintiffs"); *Syed v. M-I, L.L.C.*, No. 1:12-CV-1718 AWI MJS, 2014 WL 6685966, at *8 (E.D. Cal. Nov. 26, 2014) (denying plaintiffs'

counsel access to contact information to be provided to third-party administrator, citing privacy concerns).

## IV. CONCLUSION

The Court-supervised notice process under the FLSA is designed to afford potential class members with accurate and unbiased information, delivered in a way that allows them to make a free choice whether to participate in a case where their legal rights are at stake. The notice and accompanying process Named Plaintiffs have proposed contain many deficiencies that are likely to mislead potential class members, place inappropriate burdens on A-B, and are clearly designed to create the impression among potential class members that the Court and A-B endorse Named Plaintiffs' case. What A-B has proposed herein and in the attached notice and consent forms is more neutral, appropriate, and consistent with the law. For the foregoing reasons, the Court should reject the notice, consent form, and process proposed by Named Plaintiffs and approve the one described herein and outlined in the proposed order attached hereto as Exhibit 3.

Dated: February 11, 2022

Respectfully submitted,

*/s/ Robert G. Lian, Jr.*
Robert G. Lian, Jr. (VA Bar No. 36406)
Joshua K. Sekoski (VA Bar No. 84435)
Katherine I. Heise (*pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street N.W.
Washington, D.C. 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
blian@akingump.com
jsekoski@akingump.com
kheise@akingump.com
*Attorneys for Defendant Anheuser-Busch LLC*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on February 11, 2022, I electronically filed this document through the ECF system, which will send a notice of electronic filing to all counsel of record.

                                       */s/ Robert G. Lian, Jr.*
                                       Robert G. Lian, Jr. (VA Bar No. 36406)
                                       AKIN GUMP STRAUSS HAUER & FELD LLP
                                       2001 K Street N.W.
                                       Washington, D.C. 20006
                                       Telephone: (202) 887-4000
                                       Facsimile: (202) 887-4288
                                       E-mail: blian@akingump.com
                                       *Attorney for Defendant Anheuser-Busch LLC*