UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| JULIE GLENNON and THOMAS E. OVERBY, JR., individually and on behalf of all others similarly situated,<br><br>        *Plaintiffs*,<br><br>        v.<br><br>ANHEUSER-BUSCH, LLC,<br><br>        *Defendant*. | Case 4:21-cv-00141-AWA-DEM |

**DEFENDANT'S CONSOLIDATED REPLY BRIEF IN SUPPORT OF ITS MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL AND EMERGENCY MOTION TO STAY PROCEEDINGS PENDING INTERLOCUTORY APPEAL**

        This Court's order denying Anheuser-Busch's motion to strike cries out for interlocutory review. Plaintiffs cannot deny that courts—not just the parties here—are in serious disagreement on the question of whether Rule 23 applies to state wage and hour claims that provide for an FLSA-like opt-in process as the sole form of representative action. The resolution of that novel and difficult question is undeniably important to the conduct of this litigation, both legally and practically, which is presumably why Plaintiffs seek to bring these claims under Rule 23 rather than under Virginia's chosen mechanism. Moreover, resolving the question now may (indeed, *will*, if resolved in Anheuser-Busch's favor) materially advance the ultimate termination of this litigation by streamlining discovery, limiting the size of the class to persons who affirmatively express a desire to participate, dispensing with motions practice and an appeal related to Rule 23 class certification, and eliminating a wasteful second notice and opt-in process for state law claims.

        Importantly, Plaintiffs will suffer no prejudice whatsoever if the Court certifies its Order for interlocutory appeal. As it noted in its motion to stay, Anheuser-Busch has offered to toll the

statute of limitations on all putative class member claims pending resolution of the appeal, which Anheuser-Busch is willing to pursue on an expedited basis. An interlocutory appeal, and a temporary stay of proceedings during its pendency, is therefore the most economical and efficient way to proceed.

**I.  WHETHER RULE 23 OVERRIDES A STATE'S CHOICE TO REQUIRE AN OPT-IN COLLECTIVE ACTION MECHANISM FOR CERTAIN CLAIMS IS A CONTROLLING QUESTION OF LAW.**

In this Circuit, a question is controlling if it is "serious to the conduct of the litigation, either practically or legally." *See In re Trump,* 928 F.3d 360, 371 (4th Cir. 2019), *vacated on other grounds on reh'g en banc,* 958 F.3d 274 (4th Cir. 2020), *cert. granted, judgment vacated sub nom. Trump v. D.C.,* 141 S. Ct. 1262 (Jan. 25, 2021) (citation omitted). Such a question need not be case dispositive. *See id.*; *see also* 16 Wright & Miller, Fed. Prac. & Proc. § 3930 (3d ed. 2022) (question is controlling if "its incorrect disposition would require reversal of a final judgment" and necessitate further proceedings, or merely "if interlocutory reversal might save time for the district court, and time and expense for the litigants").

Ignoring this Fourth Circuit authority, Plaintiffs argue that the question is not controlling because "[t]his litigation will continue" following the appeal. Opp'n at 7. That is an incorrect statement of the law. Although "[c]ontrolling questions *include* those" that are dispositive, *id.* at 6 (quoting *Virginia ex rel. Integra Rec LLC v. Countrywide Sec. Corp.*, No. 3:14-cv-706, 2015 WL 3540473, at *4 (E.D. Va. June 3, 2015) (emphasis added)), they are not so limited—as Plaintiffs' own cases make clear. *See, e.g., Countrywide*, 2015 WL 3540473, at *4 (courts "look to whether the immediate appeal would be 'serious to the conduct of the litigation, either practically or

2

legally,'" *even where "the resolution of a question would not completely end the litigation altogether*" (emphasis added) (citation omitted)).[1]

As Anheuser-Busch argued (and Plaintiffs do not meaningfully dispute), the question of whether this action may proceed as a Rule 23 class action is "serious to the conduct of the litigation," both practically and legally. *In re Trump,* 928 F.3d at 371. As a practical matter, application of Rule 23 to Plaintiffs' Virginia law claims—notwithstanding the undisputed fact that the "[t]he VWPA . . . *requires* opt-in notice," Order at 8—fundamentally alters the nature of this lawsuit by materially impacting the size of, and notice to, the putative class, the potential damages at issue, related settlement dynamics, and the scope and nature of discovery. *See* Mot. to Certify at 10–11; *see also* Section III, *infra*. And as a legal matter, the resolution of the contested question in Anheuser-Busch's favor on appeal would obviate the need for Rule 23-related proceedings altogether. *See id.*

## II. THERE IS SUBSTANTIAL GROUND FOR DISAGREEMENT AS TO THIS NOVEL AND DIFFICULT QUESTION.

Plaintiffs do not (and cannot) deny that courts around the country are "split on the issue" of "whether the opt-in collective action rule is procedural or substantively intertwined with legal rights and remedies"—and thus whether a plaintiff can, by bringing state claims in federal court, effectively override a state's choice to limit representative actions. *See Gandy v. RWLS, LLC*, 308

---

[1] Although Plaintiffs note that a divided Fourth Circuit denied review of a conditional certification order in *Thomas v. Maximus, Inc.*, No. 3:21-cv-498 (DJN), 2022 WL 1482008 (E.D. Va. May 10, 2022), the panel was split 2-1 (Judge Wynn voted to grant review). *See* Order, *Maximus, Inc. v. Thomas*, No. 22-185 (4th Cir. July 7, 2022), ECF No. 17. And courts routinely grant review of similar interlocutory orders. *See, e.g.,* Order, *In re: A&L Home Care & Training Ctr.*, No. 21-305 (6th Cir Feb. 4, 2022), ECF No. 12 (granting permission for interlocutory appeal of order granting in part plaintiffs' motion for conditional certification of an FLSA collective action); *Allen v. Coil Tubing Servs., LLC*, 755 F.3d 279 (5th Cir. 2014) (granting permission for an interlocutory appeal regarding the Motor Carrier Act exemption under the FLSA).

F. Supp. 3d 1220, 1227–29 (D.N.M. 2018); Mot. to Certify at 6–8; *cf.* Order at 9 (acknowledging that "applying Rule 23 would allow in federal court what was not allowed in state court"). Because Plaintiffs further acknowledge that there is substantial ground for difference of opinion when "courts, as opposed to parties, disagree" on a particular question, Opp'n at 8–9, there should be no real dispute that Anheuser-Busch has satisfied this element.

Plaintiffs nevertheless contend that, despite this split of authority, Anheuser-Busch "conflates the standard"—apparently because (in Plaintiffs' telling) there would only be substantial ground for difference of opinion if courts differed as to which opinion in *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393 (2010) controls the analysis. *See* Opp'n at 8–11. This is a far too narrow application of the law.

Anheuser-Busch plainly raises a dispute over the applicable legal standard: namely, whether Rule 23 overrides a state's clear choice to "*require[]* opt-in notice." Order at 8. That question turns on whether such a nominally "procedural" question is nevertheless substantive within the meaning of the Rules Enabling Act. *See id.* at 9 (recognizing "importan[ce]" of the question); *see also Shady Grove*, 559 U.S. at 429 (Stevens, J., concurring) ("[I]f a federal rule displaces a state rule that is 'procedural' in the ordinary sense of the term, but sufficiently interwoven with the scope of a substantive right or remedy, there would be an Enabling Act problem, and the federal rule would have to give way." (citation omitted)). It does not "turn[] on whether there is a genuine issue of fact or whether the . . . court properly applied settled law to the facts or evidence." *U.S. ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 341 (4th Cir. 2017); *cf. id.* at 336–41 (deciding "pure question of law" submitted for interlocutory review while declining to address different ruling as to appropriateness of statistical sampling evidence "based on the particular facts and evidence in [the] case").

4

As Plaintiffs themselves note, certification is appropriate where "'the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions.'" Opp'n at 9 (quoting *DRFP, LLC v. Republica Bolivariana de Venezuela*, 945 F. Supp. 2d 890, 918 (S.D. Ohio 2013)). That standard is readily met here. Prior to the Court's Order, there was *no* precedent in *any* court within the Fourth Circuit addressing whether Rule 23 overrides a collective action mechanism like the one in the VWPA. Further, the Court's resolution of that question was not "substantially guided by previous decisions," *DRFP*, 945 F. Supp. 2d at 918, as indicated by the total absence of controlling authority at the appellate or Supreme Court level. Rather, acknowledging the difference of opinion among district courts, the Court expressly "disagree[d]" (*id.* at 10) with the majority view that Rule 23 must defer to a state's prohibition of opt-out class actions in the context of wage and hour laws. *See* Mot. at 7–8. This is plainly a "question of law," 28 U.S.C. § 1292(b)—*i.e.*, a *legal standard*— over which courts disagree, not a question of fact or an exercise of district court discretion.[2]

### III. APPELLATE RESOLUTION OF THE QUESTION WOULD MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THIS ACTION.

Plaintiffs argue that an appellate decision as to the applicability of Rule 23 would not materially advance this litigation because (1) "[t]he course and scope of discovery would be the

---

[2] The Order is nothing like the decision to decertify an FLSA collective action relied upon by Plaintiffs as the lone support for their argument. *See* Opp'n at 9 (citing *Stevens v. HMSHost Corp.*, No. 10-cv-3571 (ILG)(VVP), 2015 WL 926007, at *4 (E.D.N.Y. 2015)). In decertifying following a fact-intensive inquiry, the *Stevens* court "employed the same ad hoc, case-by-case approach to the facts used by countless other courts," in which "a variety of factors could be considered." 2015 WL 926007, at *2. Indeed, "[n]either the Third Circuit nor the Eleventh Circuit cases that plaintiff cite[d] as potential grounds for differences of opinion on the law actually present[ed] such differences." *Id.* at *3. By contrast, the Order addressed a pure question of law as to which there is disagreement among district courts and which the Fourth Circuit can address "without having to delve beyond the surface of the record in order to determine the facts." *Michaels*, 848 F.3d at 341 (citation omitted).

same"; (2) Anheuser-Busch could appeal to the Fourth Circuit later via Rule 23(f); (3) "Rule 23 class certification would remain undecided"; and (4) "[t]he merits would remain unchanged." Opp'n at 12. This argument misses the mark as to each point.

*First*, because Section 1292(b) authorizes appeal when resolution of the question "*may materially advance the ultimate termination of the litigation*," 28 U.S.C. § 1292(b) (emphasis added), the Court should consider the impact on the litigation if Anheuser-Busch *wins* on appeal—not just if it loses. Plaintiffs cannot reasonably deny that the scope of discovery would be substantially narrowed if the Fourth Circuit were to agree with Anheuser-Busch. This case, which was filed nearly a year ago, currently has just four individual plaintiffs (two named and two opt-in). *See* ECF Nos. 1-1, 1-2, 16-1, 16-2. The number of individuals who will opt in following notice is unknown, but it is likely to be a small fraction of notice recipients. *See* Mot. to Certify at 10–11 (discussing the typically dramatic disparity in class size between opt-out and opt-in classes). In a typical opt-in action, discovery focuses on those plaintiffs who ultimately opt in.

By contrast, if Rule 23 applies, even before a ruling on class certification, *all* 700+ putative class members are potential plaintiffs from whom the parties may need to seek discovery for purposes of class certification. Plaintiffs allege uncompensated work performed by all putative class members before and after their scheduled shifts. Plaintiffs purport to represent all non-exempt employees at the brewery, an extensive list of different positions working in different parts of the brewery, under different supervisors, during different shifts, and at different times during the applicable limitations periods. Anheuser-Busch will need to obtain discovery from a meaningful number of putative class members—even if they want nothing to do with this lawsuit—in order to afford Anheuser-Busch a fair opportunity to develop evidence in support of its defenses to class certification.

Indeed, the need for the Court to conduct "rigorous analysis" to ascertain whether the elements of Rule 23 are satisfied—including questions of commonality, typicality, adequacy, and predominance—will likely require substantial discovery from at least some absent class members. *See Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013). Such discovery will necessarily involve fact-intensive inquiries of named plaintiffs and putative class members about their pre- and post-shift activities. The opportunity for putative class members to opt out of the lawsuit would come only *after* a class is certified and Rule 23 notice is sent. Such discovery into a class of 700+ people is a far cry from potential discovery of the collective following notice—which likely will be measured in dozens (or fewer), not hundreds.

*Second*, if the Fourth Circuit sides with Anheuser-Busch, then there would obviously never be Rule 23 proceedings—let alone a Rule 23(f) appeal. Thus, regardless of whether either party would actually seek a Rule 23(f) appeal (which is heavily dependent on the status of proceedings at the time of certification, the nature of the evidence, and the content of this Court's ruling), an interlocutory appeal now could obviate the need for a subsequent appeal.

*Third*, for similar reasons, a ruling in favor of Anheuser-Busch *would* resolve class certification—before the parties (and absent putative class members) have to go through costly class-wide discovery and motions practice. And it would also avoid the duplicative and confusing problem of sending two rounds of opt-in notice—one with respect to the FLSA claims and a later one with respect to VWPA claims—instead of a single notice.

*Finally*, the supposed lack of impact to the "merits" of Plaintiffs' claims is a red herring. Though Plaintiffs will still have the same substantive claims, a change from a Rule 23 class action to a collective action would fundamentally alter the nature of Plaintiffs' action—including not only the procedural course of the case, but the very identity of the plaintiffs. Indeed, Plaintiffs have

7

pleaded their state law claims, which are subject to an "opt-in" collective action if filed in state court, *see* Order at 9, under Rule 23 surely because of the significant impact that Rule 23 has on those claims, both practically and legally speaking.

In sum, an interlocutory appeal that could result in the elimination of Plaintiffs' Rule 23 claims would "materially advance the ultimate termination of this lawsuit," 28 U.S.C. § 1292(b), by avoiding two rounds of inconsistent opt-in notice; significantly narrowing the scope of discovery; reducing the size of the putative class in a dramatic fashion; and eliminating briefing, argument, and appeal of a decision as to Rule 23 class certification. And because all of the Section 1292(b) criteria are met, this Court should certify its order for interlocutory review.[3]

## IV. THE COURT SHOULD STAY PROCEEDINGS PENDING RESOLUTION OF THE APPEAL.

For many of the same reasons that the Court should grant interlocutory appeal, it should also stay proceedings pending appeal. Plaintiffs counter that Anheuser-Busch cannot "demonstrate that it will suffer irreparable injury if the stay is denied." *See* Opp'n at 12. But Anheuser-Busch has no such burden. Section 1292(b) explicitly gives either the district court or the court of appeals the discretionary power to "stay proceedings in the district court," without further substantive requirements. 28 U.S.C. § 1292(b); *see also* Fed. R. App. P. 8(a)(1)(A) (providing only that parties may move for "a stay of the judgment or order of a district court pending appeal"). That decision rests in the sound discretion of this Court, including based on considerations of judicial economy

---

[3] Plaintiffs incorrectly rely on out-of-circuit authority for the proposition that a court has "'unfettered discretion to deny certification' even when the criteria of § 1292(b) appear to be satisfied." *See* Opp'n at 5 (quoting *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 71 F. Supp. 2d 139, 162–63 (E.D.N.Y. 1999)). To the contrary, the Fourth Circuit has held that "[w]hen a district court determines that the statutory criteria are present, . . . it has a *duty* to allow an immediate appeal to be taken." *See In re Trump*, 928 F.3d at 369 (emphasis in original) (citation omitted).

and efficiency. *See, e.g. Tolle v. Northam*, No. 1:20-cv-363, 2020 WL 6387382, at *2 (E.D. Va. Jul. 7, 2020) (staying proceedings pending resolution of an interlocutory appeal because it would be a waste of judicial and party resources to continue while the appeal was pending, and "[a]lthough the filing of an interlocutory appeal does not automatically stay proceedings in the district court, the district court has broad discretion to decide whether a stay is appropriate to promote economy of time and effort for itself, for counsel, and for litigants" (citation omitted)). Plaintiffs cite *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970), but that case pertains to the burden of a party seeking a stay of the *execution of a judgment* in the court of appeals, not this Court's inherent discretion to stay its own proceedings.

Remarkably, Plaintiffs assert that the appeal will cause *them* irreparable harm because the statute of limitations for FLSA claims of putative class members will continue to run during the appeal. *See* Opp'n at 14–15. But as Anheuser-Busch stated in its motion to stay (and as Plaintiffs do not dispute), Anheuser-Busch explicitly "offered to *toll the statute of limitations* with regard to the claims for any putative class member who ultimately opts in to this case pending resolution of a potential interlocutory appeal." Mot. to Stay at 1 (emphasis added). Anheuser-Busch is also willing to adjudicate the interlocutory appeal on any reasonable expedited basis that Plaintiffs desire. Thus, Plaintiffs will suffer no harm whatsoever, let alone "irreparable" harm pending a short interlocutory appeal on the single, narrow, and "important" legal question presented. Order at 11.

Accordingly, this Court should certify the Order for interlocutory appeal and stay proceedings pending appeal.

9

Dated: October 17, 2022                                  Respectfully submitted,

                                                */s/ Robert G. Lian, Jr.*
                                               Robert G. Lian, Jr. (VA Bar No. 36406)
                                               Joshua K. Sekoski (VA Bar No. 84425)
                                               Katherine I. Heise (*pro hac vice*)
                                               AKIN GUMP STRAUSS HAUER & FELD LLP
                                               2001 K Street N.W.
                                               Washington, D.C. 20006
                                               Telephone: (202) 887-4000
                                               Facsimile: (202) 887-4288
                                               blian@akingump.com
                                               jsekoski@akingump.com
                                               kheise@akingump.com

                                               *Attorneys for Defendant Anheuser-Busch, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 17, 2022, I electronically filed this document through the ECF system, which will send a notice of electronic filing to all counsel of record.

      */s/ Robert G. Lian, Jr.*
Robert G. Lian, Jr. (VA Bar No. 36406)
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street N.W.
Washington, D.C. 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
E-mail: blian@akingump.com

*Attorney for Defendant Anheuser-Busch LLC*