# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA

### Newport News Division

| | |
|---|---|
| THOMAS E. OVERBY, JR. and ABBY GEARHART, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>ANHEUSER-BUSCH, LLC,<br><br>*Defendant.* | Case 4:21-cv-00141-AWA-DEM |

## ANHEUSER-BUSCH, LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO LIFT STAY AND MOTION FOR CLARIFICATION

**TABLE OF CONTENTS**

INTRODUCTION ...........................................................................................................................1

BACKGROUND .............................................................................................................................1

ARGUMENT ...................................................................................................................................2

    I.    THE DISTRICT COURT LACKS JURISDICTION TO CONSIDER
         PLAINTIFFS' MOTION FOR CLARIFICATION ..................................................2

    II.   PRUDENTIAL CONSIDERATIONS ALSO FAVOR DENIAL OF
         PLAINTIFFS' MOTION FOR CLARIFICATION ..................................................4

CONCLUSION.................................................................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anheuser-Busch, LLC v. Overby*,
 No. 25-140 (4th Cir. Apr. 10, 2025) .................................................................................. 1, 2, 4

*Hartis v. Chicago Title Ins. Co.*,
 694 F.3d 935 (8th Cir. 2012) ..................................................................................................... 3

*Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) .................................................. 3

*Levin v. Alms & Assocs., Inc.*,
 634 F.3d 260 (4th Cir. 2011) ..................................................................................................... 3

*Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 194 (5th Cir. 2011) ......................................................... 4

*Sartin v. McNair L. Firm PA*,
 756 F.3d 259 (4th Cir. 2014) ..................................................................................................... 4

*Stafford v. Bojangles' Restaurants, Inc*,
 123 F.4th 671 (4th Cir. 2024) .................................................................................................... 1

**Other Authorities**

Fed. R. Civ. P. 23(f) ................................................................................................... 1, 2, 3, 4

Fed. R. Civ. P. 60(a) .................................................................................................. 2, 3, 4, 5

**INTRODUCTION**

Plaintiffs ask this Court to upend the orderly administration of this case and lift the stay of all district court proceedings so that they can ask the Court to "clarify" its class certification order—the same order that is currently subject to a petition for review before the Fourth Circuit. According to Plaintiffs, this Court made a "mistake arising from oversight or omission" when it failed to discuss *Stafford v. Bojangles' Restaurants, Inc*, 123 F.4th 671 (4th Cir. 2024), in its recent decision granting class certification; Plaintiffs thus ask the Court to "correct" that failure by clarifying that it did, in fact, consider the case. But this Court lacks jurisdiction to consider Plaintiffs' request now that Anheuser-Busch's Rule 23(f) petition for review of the Court's class certification order has been docketed in the Fourth Circuit. Moreover, prudential considerations weigh against Plaintiffs' request. Anheuser-Busch's petition is already fully briefed, the U.S. Chamber of Commerce has filed an amicus brief in support, and what Plaintiffs propose would create a readily avoidable procedural morass. There is no benefit to this Court "clarifying" its order given that no clarification would undermine Anheuser-Busch's primary argument and that (as even Plaintiffs acknowledge) Anheuser-Busch could simply seek appellate review of the modified order anyway. Judicial efficiency thus counsels in favor of allowing the Fourth Circuit's review to continue unimpeded. The Court should deny Plaintiffs' motions.

**BACKGROUND**

On March 27, 2025, this Court granted Plaintiffs' Motion for Rule 23 Class Certification. *See* ECF No. 127. Shortly thereafter, the parties filed a joint motion to stay district court proceedings, informing the Court that Anheuser-Busch "intend[ed] to file a Rule 23(f) petition by April 10, 2025." ECF No. 128 at 4. Anheuser-Busch did so, and its petition was docketed in the Fourth Circuit the next day. *See* Anheuser-Busch's Petition for Leave to Appeal Class Certification Order Pursuant to Federal Rule of Civil Procedure 23(f), ECF No. 2, *Anheuser-Busch, LLC v.*

1

*Overby*, No. 25-140 (4th Cir. Apr. 10, 2025); *see also* Notice, ECF No. 1, *Anheuser-Busch, LLC v. Overby*, No. 25-140 (4th Cir. Apr. 11, 2025) ("This case has been opened as an original proceeding in [the Fourth Circuit]."). On April 16, this Court granted the parties' joint motion to stay district court proceedings, thereby staying all district court proceedings "until final resolution of class certification following Defendant's Rule 23(f) petition and any appeals arising thereof." ECF No. 130 at 1.

Two days later—one week after Anheuser-Busch's Rule 23(f) petition had been docketed and two weeks after the parties agreed to stay proceedings—Plaintiffs filed a Motion to Lift Stay and a Motion for Clarification, asking this Court to lift its newly granted stay and "clarify" that it considered the Fourth Circuit's recent *Bojangles* decision when granting class certification. *See* ECF Nos. 131-134. In the meantime, the parties finished briefing Anheuser-Busch's Rule 23(f) petition, and the U.S. Chamber of Commerce filed a brief supporting Anheuser-Busch. The Fourth Circuit could issue a decision any day.

## ARGUMENT

Plaintiffs argue that this Court should grant its motion to lift the stay so that it can grant Plaintiffs' clarification motion. But this Court lacks jurisdiction to grant the clarification motion. Thus, both of Plaintiffs' motions should be denied.

### I. THE DISTRICT COURT LACKS JURISDICTION TO CONSIDER PLAINTIFFS' MOTION FOR CLARIFICATION

Plaintiffs argue that this Court should "clarify" its class certification order under Federal Rule of Civil Procedure 60(a), which authorizes courts to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." But this Court lacks jurisdiction to consider that request. "As a general rule, the filing of an appeal 'confers jurisdiction on the court of appeals and divests the district court of its control

2

over those aspects of the case involved in the appeal.'" *Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 263 (4th Cir. 2011) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). Rule 60(a) incorporates this rule by "divest[ing] the district court of jurisdiction to correct mistakes or omissions in its judgment while an appeal of such judgment is pending before the appellate court, unless leave of the appellate court has been granted." *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 950 (8th Cir. 2012). Specifically, Rule 60(a) provides that district courts can correct their mistakes "after an appeal has been docketed in the appellate court and while it is pending . . . *only* with the appellate court's leave." Fed. R. Civ. P. 60(a) (emphasis added). That language makes resolution of Plaintiffs' motions easy: Anheuser-Busch's Rule 23(f) petition for review has been docketed in the Fourth Circuit, and the Fourth Circuit has not granted this Court leave to correct any mistake or omission. This Court therefore lacks jurisdiction to do so.

Exercising jurisdiction over Plaintiffs' motions at this juncture would also defeat the purpose of Rule 60(a)'s leave-of-the-appellate-court requirement: "to protect the administrative integrity of the appeal, i.e., to ensure that the issues on appeal are not undermined or altered as a result of changes in the district court's judgment, unless such changes are made with the appellate court's knowledge and authorization." *Hartis*, 694 F.3d at 950. That the Fourth Circuit has not yet granted Anheuser-Busch's Rule 23(f) petition does not change the analysis; there is still a challenge to the underlying order "pending" before the appellate court, which could grant the fully briefed 23(f) petition at any moment. The Court should not interfere with the Fourth Circuit's active review by modifying the very order under consideration.

## II. PRUDENTIAL CONSIDERATIONS ALSO FAVOR DENIAL OF PLAINTIFFS' MOTION FOR CLARIFICATION

Besides the jurisdictional problem, prudential considerations counsel in favor of denial. *See Sartin v. McNair L. Firm PA*, 756 F.3d 259, 265 (4th Cir. 2014) (noting that Rule 60(a) gives district courts "discretionary authority").

As Plaintiffs acknowledge, Rule 60(a) authorizes this Court to address only "inadvertent" mistakes or omissions—not "missteps involving substantive legal reasoning." Mem. at 6, ECF No. 134 (quoting *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 194 (5th Cir. 2011) (per curiam)). Thus, granting Plaintiffs' motion cannot result in any substantive change to the Court's reasoning. *See Sartin*, 756 F.3d at 265 (Rule 60(a) cannot be used to fix "mistakes" "where the court changes its mind") (emphasis omitted).

Yet that is exactly what Plaintiffs' motion seeks. The thrust of Anheuser-Busch's Rule 23(f) petition is that this Court's order conflicts with the *holdings* of *Bojangles*, not that the Court inadvertently forgot to cite it. No non-substantive "clarification" could affect that argument. That Plaintiffs dedicate nearly half of their memorandum (Mem. at 7-10) to the substance of *Bojangles* and its relevance to the Court's class certification order strongly suggests Plaintiffs are actually seeking a prohibited modification of the court's "substantive legal reasoning" for granting class certification, not a mere clarification.

In fact, Plaintiffs—despite seeking clarification specifically to counter Anheuser-Busch's Rule 23(f) petition, Mem. at 4—do not argue that their proposed clarification would obviate Anheuser-Busch's petition. To the contrary, in their opposition to the petition, Plaintiffs acknowledge that, even if this Court "clarifies" that it had considered *Bojangles*, Anheuser-Busch would likely still seek the Fourth Circuit's immediate review. *See* Pls.' Resp. Opp'n at 20, *Anheuser-Busch, LLC v. Overby*, ECF No. 18, No. 25-140 (4th Cir. Apr. 21, 2025) (suggesting that

4

Anheuser-Busch "be[] afforded leave to refile a revised Petition" if this Court grants Plaintiffs' clarification motion). Even if the Fourth Circuit would require Anheuser-Busch to refile its petition (despite the uncertainty over whether this Court presently even has jurisdiction to modify it), granting Plaintiffs' Rule 60(a) motion would ultimately result in needless delay—not to mention extra work for the Fourth Circuit, this Court, and all parties.

At bottom, then, there is no benefit to granting Plaintiffs' clarification motion—only costs. Any amendment, no matter its substantive effect, would (at best) trigger an extra round of briefing in the Fourth Circuit. And it would frustrate whatever steps the Fourth Circuit has taken to decide the petition, which has been fully briefed for a week now. Denying Plaintiffs' motion would thus conserve both judicial and party resources and simply allow the Fourth Circuit to resolve Anheuser-Busch's petition uninterrupted.

## CONCLUSION

The Court should deny Plaintiffs' motions.

| | |
|---|---|
| Dated: May 2, 2025 | Respectfully submitted, |
| | */s/ Robert G. Lian, Jr.* |
| | Robert G. Lian, Jr. (VSB #36406) |
| | James E. Tysse (VSB #73490) |
| | Katherine I. Heise (admitted *pro hac vice*) |
| | Margaret O. Rusconi (admitted *pro hac vice*) |
| | Benjamin R. Saul (admitted *pro hac vice*) |
| | AKIN GUMP STRAUSS HAUER & FELD LLP |
| | 2001 K Street N.W. |
| | Washington, D.C. 20006 |
| | Telephone: (202) 887-4000 |
| | Facsimile:(202) 887-4288 |
| | blian@akingump.com |
| | jtysse@akingump.com |
| | kheise@akingump.com |
| | mrusconi@akingump.com |
| | saulb@akingump.com |
| | |
| | *Counsel for Defendant Anheuser-Busch, LLC* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 2, 2025, the foregoing document was electronically filed with the Clerk of Court utilizing the ECF filing system, which will send a notice of electronic filing to all counsel of record.

<u>/s/ Robert G. Lian, Jr.</u>
Robert G. Lian, Jr. (VSB #36406)
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street N.W.
Washington, D.C. 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
E-mail: blian@akingump.com

*Counsel for Defendant Anheuser-Busch, LLC*