UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| THOMAS E. OVERBY, JR., and ABBY GEARHART, individually and on behalf of all others similarly situated<br><br>*Plaintiffs,*<br><br>v.<br><br>ANHEUSER-BUSCH, LLC,<br><br>*Defendant*. | Case No.: 4:21-cv-00141-AWA-DEM |

**PLAINTIFFS' COMBINED REPLY IN SUPPORT OF THEIR MOTION TO LIFT STAY AND MOTION FOR CLARIFICATION**

Named Plaintiffs Thomas E. Overby, Jr. and Abby Gearhart, on behalf of themselves, all opt-in plaintiffs, and the Rule 23 class ("Plaintiffs"), through their undersigned counsel, respectfully submit this combined reply in support of their Motion to Lift Stay [Doc. 131] and Motion for Clarification [Doc. 133], and to respond to Defendant Anheuser-Busch, LLC's ("Defendant" or "AB") Memorandum in Opposition [Doc. 135].

Defendant's Opposition is an oddity. Rather than attack the merits of Plaintiffs' motions, Defendant proffers two primarily procedural arguments: (1) that this Court "lacks jurisdiction" to consider Plaintiffs' Motion for Clarification; and (2) "prudential considerations" warrant denial of Plaintiffs' motions. Doc. 135 at ECF p. 4–8. But ingrained in its Opposition is Defendant's fundamental misunderstanding of the nature of its own pending Petition for Leave to Appeal Class Certification Order Pursuant to Federal Rule of Civil Procedure 23(f) [Doc. 129-1] (Defendant's "Petition for Permission to Appeal"), as well as the contents and substance thereof. Plaintiffs will address each argument below.

1

First, there is no question this Court has jurisdiction to consider Plaintiffs' Motion for Clarification. To consider a clarification request under Rule 60(a), leave need only be obtained from an appellate court "after an appeal has been *docketed* in the appellate court and while it is pending." Fed. R. Civ. P. 60(a) (emphasis added). No appeal has been docketed here. Rather, Defendant has filed a petition in the Fourth Circuit pursuant to Rule 23(f)—a petition which is requesting <u>permission to appeal</u> the Court's class certification Order. Doc. 127. Of course, any petition for permission to appeal is subject to Federal Rule of Appellate Procedure 5—including Fed. R. App. P. 5(d), which provides that an appeal is not docketed from a petition seeking permission to appeal unless (and until) the appellate court grants permission to file the appeal. ("Within 14 days after the entry of the order granting permission to appeal, the appellant must: (A) pay the district clerk all required fees; and . . . . The district clerk must notify the circuit clerk once the petitioner has paid the fees. Upon receiving this notice, **<u>the circuit clerk must enter the appeal on the docket</u>**. The record must be forwarded and filed in accordance with Rules 11 and 12(c)." (emphasis added)).

Accordingly, pursuant to the clear text of the Federal Rules of Appellate Procedure, no appeal has been docketed in this matter because Defendant's Petition for Permission to Appeal has not been granted. There is thus no question that the Court has jurisdiction to consider and rule on Plaintiffs' Motion for Clarification.

Second, as to Defendant's "prudential considerations" argument, Defendant claims that Plaintiffs' Motion for Clarification would result in a "substantive change to the Court's reasoning" and/or cause the Court "to change its mind." Doc. 135 at ECF p. 7. This is patently false. Plaintiffs do not request the Court to change the outcome of class certification or the substantive components of the Certification Order. Quite the opposite, Plaintiffs instead only seek clarification from the

Court on whether it considered *Bojangles* in issuing the Certification Order and, further, an explanation of any impact that *Bojangles* had on the Order. Such a request is well within the ambit of Rule 60(a) as it "allows for clarification and explanation, <u>consistent with the intent of the original judgment</u>, even in the absence of ambiguity, if necessary for enforcement[.]" *Sartin v. McNair L. Firm PA*, 756 F.3d 259, 266 (4th Cir. 2014) (emphasis in original) (quoting *Garamendi v. Henin*, 683 F.3d 1069, 1079 (9th Cir. 2012)).

Defendant's final complaint is that should the Court clarify its Certification Order, it will just seek to file another Rule 23(f) petition anyway. But assuming the Fourth Circuit grants such a request, clarification would nevertheless provide efficiencies in any appellate review that may follow. Indeed, in its current Petition for Permission to Appeal, Defendant frames the omission of *Bojangles* in the Certification Order as reversable error. *See* Doc. 129–1 at ECF p. 15 ("The court did not cite *Bojangles*."); *id.* at ECF p. 18 ("Despite its obvious relevance to certification—indeed, its controlling impact—the district court simply ignored [*Bojangles*] (along with Anheuser-Busch's record evidence)."). This same argument is parroted in the Chamber of Commerce's *amicus* brief in support of Defendant's Petition. *See* Doc. 132–1 at ECF p. 10 (this Court "ignored binding Fourth Circuit precedent."); *see id.* at ECF p. 11 ("This Court's decision in *Bojangles* should have led the District Court to deny certification, but the District Court did not even cite the decision."); *id.* at ECF p. 12 ("The District Court erred in ignoring *Bojangles*."); *id.* at ECF p. 12 ("The District Court failed to ground its decision in any binding Fourth Circuit precedent or other appellate court decisions.").

Accordingly, in the event Defendant's Petition for Permission to Appeal is granted, clarification of the Certification Order would save this Court, the parties, and the Fourth Circuit a great deal of time, burden, and expense by paring down the issues that may be reviewed. Plaintiffs

3

thus respectfully request that the Court grant their motions and issue an order clarifying whether it considered *Bojangles* and the impact, if any, that it had on the Certification Order and decision to grant class certification.

## CONCLUSION

For the reasons set forth above and in their opening briefing, Plaintiffs respectfully request that the Court: (1) lift the stay of this matter for the limited purpose of considering and ruling on Plaintiffs' Motion for Clarification; and (2) issue an order clarifying the Court's Certification Order with respect to the Court's consideration of *Bojangles* and any impact it had on the Certification Order.

Respectfully submitted this May 5, 2025,

BY:

/s/ Robert W.T. Tucci
Robert W.T. Tucci (VSB #97446)
Gregg C. Greenberg (VSB #79610)
Thomas J. Eiler (admitted *pro hac vice*)
ZIPIN, AMSTER & GREENBERG, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Telephone:    (301) 587-9373
Facsimile:    (240) 839-9142
rtucci@zagfirm.com
ggreenberg@zagfirm.com
teiler@zagfirm.com

Craig J. Curwood (VSB #43975)
Zev H. Antell (VSB # 74634)
Samantha R. Galina (VSB # 96981)
140 Virginia Street, Suite 302
Richmond, Virginia 23219
Telephone: (804) 648-4848
Fax: (804) 237-0413
craig@butlercurwood.com

4

zev@butlercurwood.com
samantha@butlercurwood.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

On May 5, 2025, I served ☐ *the original* ☒ *a true copy* of the foregoing document entitled:

- **PLAINTIFFS' COMBINED REPLY IN SUPPORT OF THEIR MOTION TO LIFT STAY AND MOTION FOR CLARIFICATION**

on all the appearing and/or interested parties in this action as follows:

Robert G. Lian, Jr. (VSB #36406)
James E. Tysse (VSB #73490)
Katherine I. Heise (admitted *pro hac vice*)
Margaret O. Rusconi (admitted *pro hac vice*)
Benjamin R. Saul (admitted *pro hac vice*)
Akin Gump Strauss Hauer & Feld LLP
2001 K Street N.W.
Washington, D.C., 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
blian@akingump.com
jtysse@akingump.com
kheise@akingump.com
mrusconi@akingump.com
saulb@akingump.com

*Counsel for Defendant*

☐ **(BY MAIL)** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Silver Spring, Maryland in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **(BY OVERNIGHT MAIL)** I am personally and readily familiar with the business practice of Zipin, Amster, & Greenberg LLC for collection and processing correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by the USPS for overnight delivery.

☒ **(BY ELECTRONIC TRANSMISSION)** I caused said document(s) to be served via electronic transmission through either the Court's CM/ECF system, via electronic mail, or an electronic service provider to the addressee(s) listed above on the date below.

☐ **(BY PERSONAL SERVICE)** I delivered the foregoing document by hand delivery to the addressed named above.

I declare under penalty of perjury under the laws of the Commonwealth of Virginia that the foregoing is true and correct.

Executed on May 5, 2025, at Silver Spring, Maryland.

                                             */s/ Robert Tucci*
                                             Robert W.T. Tucci